498 So.2d 1292 (1986)
INTERNATIONAL MEDICAL CENTERS, INC., a Health Maintenance Organization and a Florida Corporation for Profit, Appellant,
v.
William I. SABATES, M.D., and William I. Sabates, M.D., P.A., Appellees.
No. 85-2761.
District Court of Appeal of Florida, Third District.
November 12, 1986.
Rehearing Denied January 13, 1987.
*1293 Sparber, Shevin, Shapo, Heilbronner & Book, P.A., and Robert L. Shevin, Miami, for appellant.
Daniels & Hicks, P.A., and Sam Daniels, Henry T. Courtney, Miami, for appellees.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
International Medical Centers, Inc. (IMC), appeals from an order of the trial court confirming an arbitration award and a final judgment entered in favor of Sabates in accordance with the award. We affirm.
This action was instituted by Sabates against IMC based upon his termination as head of IMC's eye-care program. Sabates was terminated by IMC when his hospital privileges were suspended for lack of proof of insurance coverage. IMC claimed that Sabates's failure to provide IMC with documentation of his insurance coverage with the Florida Patients' Compensation Fund compelled them to cancel his employment. Consequently, a key issue before the arbitrators was the legitimacy of IMC's purported basis for Sabates's termination. A natural corollary of this issue was the difficulty or ease with which Sabates's professional liability coverage could be ascertained. The fact that Sabates possessed adequate insurance coverage was established at the hearing before the arbitrators. Witnesses testified that verification of a physician's insurance coverage could be obtained directly from the Florida Patients' Compensation Fund which, as a public agency, was required to disclose such information.
After the hearing was concluded and the deliberation process had begun, arbitrator Freidin stated to the other arbitrators that, based upon his personal experience, it was possible to determine whether a physician was covered by placing a single telephone call. Freidin then called his secretary and directed her to call the Fund to inquire about the liability insurance of Sabates and of Freidin's co-arbitrator, Dr. Zelman. Freidin's secretary called back shortly thereafter and imparted the requested information. Freidin then shared this information with Dr. Zelman.
The panel found for Sabates on the issue of breach of contract and also found that IMC violated the civil theft statute. Sabates moved to confirm the awards. IMC moved to vacate the awards on the grounds that there had been arbitrator misconduct and that the arbitrators exceeded their powers. The trial court held an evidentiary hearing on the motions, denied IMC's motion, and entered final judgment in favor of Sabates against IMC.
IMC first contends that the trial court erred in failing to set aside the award based on arbitrator misconduct. Section 682.13(1)(b), Florida Statutes (1983), requires vacation of an award when there is misconduct by an arbitrator which prejudices the rights of any party. The alleged misconduct in this case consisted of telephonic verification of matters already presented to the panel or previously within the personal knowledge of the two arbitrators who were attorneys. Although we agree that arbitration panels should not, in the course of their deliberations, go outside the evidence presented to them, the challenged conduct in this case was without prejudice to IMC. The information procured by the telephone call, that Sabates possessed proper coverage, was already in the record. The telephone call constituted *1294 nothing more than a demonstration of what was presented during the hearing regarding the efficacy of contacting the Fund for such information. Although IMC alleges that it was prejudiced because it was denied the opportunity to explain or refute the knowledge imparted through the telephone communication, it neither challenges the accuracy of this information nor cites any specific evidence it would have presented to counter its validity. Clearly, the requisite prejudice under section 682.13(1)(b) is lacking. The trial court, therefore, correctly refused to vacate the arbitration award based on arbitrator misconduct.
As its second point, IMC contends that the trial court erred in failing to set aside the award because the arbitrators exceeded their powers. Section 682.13(1)(c), Florida Statutes (1983), requires an award to be vacated when an arbitrator exceeds his powers in the course of his jurisdiction. IMC cites as an abuse of powers the arbitrators' consideration of Sabates's claim under section 812.035(7), Florida Statutes (1983), a part of the Florida Civil Theft Statute. Subsection (7) provides for the recovery of treble damages by any person injured by a violation of the civil theft statute. The law of this case was established in the prior appeal where this court held "that Sabates's civil theft claim is properly the subject of arbitration." Sabates v. International Medical Centers, Inc., 450 So.2d 514, 518 (Fla. 3d DCA 1984). We also note that IMC, the drafter of the document giving rise to this litigation, provided for arbitration as the method of resolving disputes between the parties. There is abundant evidence in this record from which a factfinder could determine that multiple fraud had occurred, thereby supporting the civil theft claim.
Moreover, our review of arbitration awards is extremely limited. See Prudential-Bache Securities, Inc. v. Shuman, 483 So.2d 888 (Fla. 3d DCA 1986), and cases cited therein. We decline to depart from these well-established legal principles. IMC has failed to show either prejudice from arbitrator misconduct or overreaching of arbitrator power; the order and final judgment under review are, therefore,
AFFIRMED.