594 So.2d 783 (1992)
C.Y. LEE and Cornelia Cho, Appellants,
v.
DEAN WITTER REYNOLDS, INC., and David Bassett, Appellees.
No. 91-00809.
District Court of Appeal of Florida, Second District.
January 17, 1992.
Rehearing Denied February 27, 1992.
*784 George Franjola and Robert Dyer, Duckworth, Allen, Dyer & Doppelt, P.A., Orlando, for appellants.
Glenn D. Kelley, Broome, Kelley & Aldrich, P.A., West Palm Beach, for appellees.
PATTERSON, Judge.
This is an appeal from an order of the trial court vacating an arbitration award. We reverse.
Pursuant to the terms of a brokerage agreement involving interstate commerce, the appellants sought arbitration of their claim against the appellees with the American Arbitration Association (AAA). An arbitration hearing was scheduled for July 9, 1990. The appellees, by a letter to the AAA dated June 29, 1990, requested and received a continuance. The matter was rescheduled for September 24, 1990. By letter dated August 24, 1990, the appellees requested a second continuance and cited the recent death of their retained expert witness as the basis. The appellants objected by letter. Neither party requested a hearing, and by letter dated September 11, 1990, the AAA denied the continuance. Arbitration commenced on September 24, 1990, and at its conclusion, the panel of arbitrators made a substantial award to the appellants.
On October 29, 1990, the appellants filed suit in the trial court seeking confirmation of the arbitration award. The appellees responded with a motion to vacate the award pursuant to section 682.13(1)(d), Florida Statutes (1989), which in pertinent part provides that an award may be vacated when "[t]he arbitrators or the umpire in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor." The motion contained extensive factual recitals pertaining to the death of the expert and the reasons why a replacement could not be procured in time for the arbitration proceeding. These recitals were not contained in the appellees' letter of August 24, 1990, to the AAA requesting the second continuance, nor did the appellees seek to offer evidence on the subject before the arbitration panel.
A hearing on the motion was held on February 19, 1991. Over the appellants' objection, the trial court permitted one of the appellees' attorneys to testify at length regarding the expert's death and why a successor expert could not be retained and prepared to testify in the thirty-one day *785 period between the expert's death and the arbitration hearing. At the conclusion of the hearing, the trial court determined that the AAA denial of the request for a second continuance was "unreasonable and a denial of fundamental due process." The trial court then vacated the award.
The first question for our determination is whether the AAA's denial of the request for continuance is to be judged by section 682.13(1)(d), Florida Statutes (1989), or by section 10(c) of the Federal Arbitration Act. The federal act provides that an award may be vacated "[w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown." 9 U.S.C.S. § 10(c) (Law.Co-op. 1987). As this court has previously determined, the Federal Arbitration Act supersedes the Florida Arbitration Code when interstate commerce is involved. United Servs. Gen. Life Co. v. Bauer, 568 So.2d 1321 (Fla. 2d DCA 1990). Thus, we must review the actions of the AAA in this case pursuant to the grounds to vacate set forth in section 10(c) of the federal act.
The second question is whether it was proper for the trial court to permit the presentation of evidence on the grounds for continuance which were not presented to the AAA. We determine that it was not. There are some challenges to an arbitration award which may require evidence beyond that which was presented to the arbitrators. These cases generally relate to the conduct or bias of the arbitrators. See Legion Ins. Co. v. Insurance Gen. Agency, Inc., 822 F.2d 541 (5th Cir.1987). Such issues are not relevant here. The issue is whether the AAA violated section 10(c) based upon the information presented to it. That can be fully determined by a review of the record of the arbitration proceeding. The trial court was not authorized to delve beyond that record and second guess the AAA on evidence which the AAA did not have the benefit of when it made its ruling. See A.G. Edwards & Sons, Inc. v. Petrucci, 525 So.2d 918 (Fla. 2d DCA 1988).
Finally, the trial court, in reviewing the actions of the AAA, was limited to a determination under the narrow "abuse of discretion" standard. See Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1383 (11th Cir.1988). Considering (1) that the arbitration proceeding had been continued once at the appellees' request, (2) the limited information presented to the AAA in the letter of August 24 requesting a second continuance, and (3) the fact that thirty-one days remained until the scheduled arbitration date, the record of the arbitration proceeding cannot support a finding of abuse of discretion, i.e. "misconduct," on the part of the AAA. See Schmidt v. Finberg, 942 F.2d 1571 (11th Cir.1991). The trial court therefore erred in granting the motion to vacate.
Reversed and remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and HALL, J., concur.