PER CURIAM.
Open Bible Community Church (“church”) appeals a final judgment confirming an arbitration award entered in favor of Paragon Construction Unlimited, Inc. (“Paragon”) after the church failed to appear at the duly noticed expedited arbitration proceeding, and from an order denying the church’s motion to vacate the award.
The church’s principal argument on this appeal is that the trial court should have granted its motion to vacate the arbitration award and not entered final judgment pursuant thereto where the arbitrator declined to postpone the arbitration hearing for a second time as requested by the church’s counsel. By statute and upon application of a party, a trial court may vacate an arbitration award where:
(d) The arbitrators or the umpire in the course of his or her jurisdiction refused to postpone the hearing upon suf *189 ficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
§ 682.13(1)(d), Fla.Stat. (1997). Based upon our careful review of the record in this case, we cannot find that the arbitrator in this case abused his discretion when he declined the church’s second request for a postponement of the arbitration hearing which had been scheduled to be heard on an expedited basis by agreement of the parties. Moreover, the church has failed to establish that the arbitrator refused to hear evidence material to this controversy. For these reasons, we cannot conclude that the trial court’s entry of the final judgment pursuant to the award and denial of the church’s motion to vacate was error. See Merritt-Chapman & Scott Corp. v. State Road Dept., 98 So.2d 85 (Fla.1957); Weeki Wachee Orchid Gardens, Inc. v. Florida Inland Theatres, Inc., 289 So.2d 602 (Fla. 2d DCA 1970); Carol City Utilities, Inc. v. Gaines Constr. Co., 201 So.2d 242 (Fla. 3d DCA 1967).
Affirmed.