FLETCHER, Judge.
Flavio Development Corporation [Flavio] appeals an order denying its motion to vacate a second arbitration award and reinstate and confirm a first arbitration award against Laguna East Club Condominium Association, Inc. [Laguna], We reverse the order and remand for further proceedings.
This case had been in litigation for approximately three years when the parties agreed to submit their dispute to arbitration, wishing to expedite its resolution. Their wish, however, was not to be granted. Although arbitration was begun on January 14,1998, it could not be concluded within the two days scheduled and was adjourned. In April of 1998, the parties were notified that the continuation of the arbitration was to take place on June 8-11, 1998. Soon thereafter, Laguna notified the arbitrators of a change of counsel, which the arbitrators accepted with the understanding that the substitution would not cause a postponement of the scheduled hearing. On June 8, 1998, Laguna’s second attorney withdrew from the case and on June 25, 1998, Laguna’s third counsel was retained. Also on June 25, the arbitrators entered an order continuing arbitration and setting the hearing for August 10, 1998, warning that no further delays would be allowed. Not surprisingly, when Laguna’s third counsel subsequently re *187 quested a ten-day postponement, the request was denied and the matter proceeded to arbitration resulting in an award in favor of Flavio for $793,868.27.
Flavio’s attempt to obtain confirmation of the arbitration award was met by La-guna’s motion to vacate. Laguna argued that the arbitrators’ refusal of its request for a postponement of the August 10, 1998 arbitration date had been unreasonable. As a result, Laguna contended, the arbitration award must be vacated in accordance with section 682.13(l)(d), Florida Statutes (1997), which provides for vacating an arbitration award where the arbitrators “refused to postpone the hearing upon sufficient cause being shown therefor.” The trial court, agreeing with La-guna, vacated the arbitration award and remanded the matter for a second arbitration before the same panel. This resulted in a second award in favor of Fla-vio; however, the amount of damages awarded was a lesser one ($447,866.53). Flavio now seeks our review of the trial court’s denial of its subsequent motion for vacation of the second award and reinstatement of the first award. For the following reasons, we conclude that Flavio’s motion should have been granted.
In order to preserve the effectiveness of the arbitration process, a high degree of conclusiveness is attached to an arbitration award, which award may not be set aside by the court except upon the grounds set forth in section 682.13, Florida Statutes (1997). See e.g. Chandra v. Bradstreet, 727 So.2d 372 (Fla. 5th DCA 1999); Verzura Constr., Inc. v. Surfside Ocean, Inc., 708 So.2d 994 (Fla. 3d DCA 1998); Applewhite v. Sheen Fin. Resources, Inc., 608 So.2d 80 (Fla. 4th DCA 1992). Although a refusal to postpone a hearing is one of the grounds listed in section 682.13, the statute does not require automatic vacation of an award in all such situations. Where the circumstances clearly show that the arbitrators did not abuse their discretion[1] in refusing to postpone a hearing, denial of a motion to vacate the resulting arbitration award is required. See Open Bible Community Church v. Paragon Constr. Ultd., Inc., 751 So.2d 188 (Fla. 3d DCA 2000). The arbitrators under the facts here did not abuse their discretion by refusing to continue the August 10, 1998 hearing.
For these reasons, we conclude that the trial court erred in vacating the original arbitration award and ordering the second arbitration. We reverse and remand for the trial court to vacate the second arbitration award and to confirm the first award.
Reversed and remanded with instructions.

. The standard which governs a trial court's review of the arbitrators’ decision not to postpone a hearing is whether the arbitrators’ abused their discretion. Lee v. Dean Witter Reynolds, Inc., 594 So.2d 783 (Fla. 2d DCA 1992).