930 So.2d 772 (2006)
MURTON ROOFING CORPORATION, Appellant,
v.
FF FUND CORPORATION, Appellee.
No. 3D05-2108.
District Court of Appeal of Florida, Third District.
May 17, 2006.
*773 Vincent F. Vaccarella and Jordan M. Keusch, Aventura, for appellant.
Cinque & Cinque and Robert Cinque, New York, for appellee.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Murton Roofing Corporation ("Murton") appeals the lower court's order vacating an arbitration award. We reverse the order and reinstate the award.
Murton and FF Fund Corporation ("FF") were parties to arbitration conducted by the American Arbitration Association ("AAA") to resolve a dispute regarding payment under a construction contract. A sole arbitrator appointed by the AAA presided over the two-day hearing. FF introduced testimony of four live witnesses. Murton relied on the deposition and affidavit of one witness. At the end of the second day, Murton produced the affidavit of Mr. Thyssen. FF claimed to have been surprised by the affidavit, as it was not informed of the affidavit before the hearing, and the affidavit testimony was contrary to what FF expected Thyssen to testify to, if called. Prior to arbitration, FF had set Thyssen for deposition, but canceled the deposition and did not have him appear for the arbitration. The arbitration proceedings were concluded after Murton introduced Thyssen's affidavit. There is a dispute in the record as to whether the arbitrator agreed to consider further evidence from FF regarding the Thyssen affidavit after the proceedings had concluded. Several days later, and after FF learned that the arbitrator had reached his decision in favor of Murton, FF filed a complaint with the AAA alleging that the arbitrator was biased. FF alleged numerous improprieties, the principal one being that the arbitrator refused to consider new evidence  a second Thyssen affidavit allegedly recanting the contents of the one that Murton presented by at the hearing. AAA affirmed the award in a written response. FF moved the trial court to vacate the arbitration award pursuant to section 682.13, Florida Statutes (2005), and Murton moved to confirm the award pursuant to section 682.12, Florida Statutes (2005). After discovery and an evidentiary hearing, the trial court granted FF's motion and vacated the award, finding that FF was prejudiced by the arbitrator's refusal to consider the second Thyssen affidavit which the trial court found to be material to the controversy.
A trial court may only set aside an arbitration award upon the grounds set forth in section 682.12, Florida Statutes (2005). Davenport v. Dimitrijevic, 857 So.2d 957 (Fla. 4th DCA 2003). An arbitrator's refusal to consider material evidence can be grounds to vacate an award. § 682.13(1)(d), Fla. Stat. (2005). A trial court's decision to confirm or vacate an arbitration award is reviewed for "an abuse of extremely limited discretion." Commc'ns Workers of Am. v. Indian River County Sch. Bd., 888 So.2d 96, 99 (Fla. 4th DCA 2004), review denied, 901 So.2d 873 (Fla.2005).
We reverse the trial court's order vacating the arbitration award because the record does not demonstrate that the arbitrator abused his discretion in not considering Thyssen's second affidavit, or that any alleged error prejudiced FF. First, the arbitrator did not abuse his discretion by rejecting FF's request to submit evidence after the arbitration hearing ended. *774 Both parties had the opportunity to present evidence and call witnesses during the two-day arbitration hearing. FF chose not to depose Thyssen before the hearing, did not ask him to sign an affidavit, and did not call him to testify at the arbitration hearing. Murton, however, obtained an affidavit from Thyssen and submitted it at the hearing. The arbitrator did not abuse his discretion by refusing to draw out the arbitration and permit FF to present additional evidence after the close of the proceedings simply because FF was surprised by the contents of Thyssen's affidavit. Affiliated Mktg., Inc. v. Dyco Chems. & Coatings, Inc., 340 So.2d 1240 (Fla. 2d DCA 1976) (holding that the trial court erred by setting aside an arbitration award because it was based on insufficient and inappropriate evidence; noting that arbitration is not governed by the safeguards of trial).
Furthermore, even if the arbitrator had erred by refusing to consider a second affidavit from Thyssen, such would not require the arbitration award's reversal because the evidence was not material. The arbitrator testified before the lower court that, even if FF produced evidence that Thyssen's first affidavit was obtained under duress, his arbitration decision would still have been the same. The second affidavit that FF sought to introduce, therefore, was not material. Lake County Educ. Ass'n v. Sch. Bd., 360 So.2d 1280, 1284 (Fla. 2d DCA 1978) (the arbitrator is "the sole and final judge of the evidence and the weight to be given to it"). As the arbitrator determines the weight to be given the evidence, FF could not have been prejudiced by his failure to consider it. Open Bible Comty. Church v. Paragon Constr. Unltd., Inc., 751 So.2d 188 (Fla. 3d DCA 2000) (arbitrator did not abuse his discretion by declining the church's second request for a postponement of the arbitration hearing where the church failed to establish that the arbitrator refused to hear evidence material to the controversy); Int'l Med. Ctrs., Inc. v. Sabates, 498 So.2d 1292 (Fla. 3d DCA 1986)(no prejudice ensued from ex parte phone call during which the party simply confirmed information that both arbitrators already knew, and which was presented at the hearing). Accordingly, we reverse the trial court's order vacating the arbitration award.
Reversed, arbitration award reinstated.