959 So.2d 1227 (2007)
CHARLES BOYD CONSTRUCTION INC., Appellant,
v.
VACATION BEACH, INC., Appellee.
No. 5D06-2168.
District Court of Appeal of Florida, Fifth District.
June 22, 2007.
Christopher J. Weiss, J. Keith Ramsey, and Michael R. Candes, of Holland & Knight LLP, Orlando, for Appellant.
Michael R. Riemenschneider, and William H. Cantwell, II, of O'Brien, Riemenschneider, Wattwood & Cantwell, P.A., Melbourne, for Appellee.
MONACO, J.
This is the second time this cause has appeared before this court. See Vacation Beach, Inc. v. Charles Boyd Constr. Inc., 906 So.2d 374 (Fla. 5th DCA 2005). Our revisit is generated by the recent opinion of the United States Supreme Court in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), which reversed the Florida Supreme Courts decision in Cardegna v. Buckeye Check Cashing, Inc., 894 So.2d 860 (Fla.2005). As we relied on the Florida Supreme Court's opinion in Cardegna as the basis for our earlier decision, we are now urged to revisit the position we took there.
By way of brief background, the Florida Supreme Court held in its review of Cardegna that it is the trial court's job to determine in the first instance whether a contract containing an arbitration provision is illegal. The United States Supreme Court, however, held oppositely that the arbitrator must first determine whether a contract at issue is illegal as part of the arbitration process. A few of the facts of the present case may shed some light on the problem we must now address.
Vacation Beach, the appellee, contracted with Charles Boyd Construction, Inc., the appellant, to build a condominium project. The contract listed Boyd Construction as the general contractor, and contained a provision requiring claims arising out of or related to the contract to be arbitrated pursuant to the American Arbitration Association after first being submitted to mediation.
While arranging for the repair of hurricane damage to the unfinished project, Vacation Beach discovered that the building permit for the structure had been obtained not by Boyd Construction, the corporation with which it had contracted, but by an entity known as Charles Boyd Homes, Inc., a corporation that had been dissolved earlier and never reinstated. Vacation Beach had alleged that although Charles Boyd, an individual who was the principal of Boyd Construction, had been *1229 the qualifying agent for Charles Boyd Homes, Boyd Construction never had either a primary or secondary qualifying agent, as required by section 489.119(2), Florida Statutes.
Disputes arose between the parties concerning the construction of the project that culminated in Boyd Construction recording a claim of lien against the property owned by Vacation Beach, and filing a demand for arbitration. Vacation Beach, in response, filed an action for declaratory relief seeking a declaration concerning the legality of the construction contract in view of the lack of a qualifying agent for Boyd Construction. According to Vacation Beach, Boyd Construction was engaged in unlicensed contracting and any construction contract entered into by that entity was illegal. That is to say, because Boyd Construction lacked authority to make the contractual commitment, no contract ever came into being. After a non-evidentiary hearing, the trial court granted Boyd Construction's motion to dismiss, and without discussing its rationale, compelled the parties to arbitrate. Vacation Beach appealed.
We reversed based largely on the Florida Supreme Court's decision in Cardegna. This court noted that section 489.115, Florida Statutes, requires any person engaged in the contracting business to be first certified or registered in the proper classification. At the time of the contract in the present case, section 489.119(2), Florida Statutes, which addresses the necessity for obtaining a certificate of authority to engage in contracting work, stated specifically that:
If the applicant proposes to engage in contracting as a business organization, including any partnership, corporation, business trust or other legal entity, or in any name other than the applicant's legal name or a fictitious name where the applicant is doing business as a sole proprietorship, the business organization must apply for a certificate of authority through a qualifying agent and under the fictitious name, if any.
Thus, a qualifying agent, according to the statute, had to be certified under Part 1 of Chapter 489 in order for a business organization to be issued a certificate of authority. See § 489.119(3)(a), Fla. Stat. (2002).
Finally, we noted that section 489.128, Florida Statutes (2002), provided in part:
(1) As a matter of public policy, contracts entered into on or after October 1, 1990, by an unlicensed contractor shall be unenforceable in law or in equity by the unlicensed contractor.
(a) . . . [A] business organization is unlicensed if the business organization does not have a primary or secondary qualifying agent in accordance with this part concerning the scope of the work to be performed under the contract.
Vacation Beach argued that while Boyd Construction represented that it was properly licensed as a general contracting company in Florida, its representation was false because it had no qualifying or secondary agent, and no certificate of authority. Instead, the building permit was obtained by Charles Boyd Homes, a dissolved corporation with no current certification, even though Vacation Beach had no contractual relationship with that organization.
Our opinion indicated that contracts transgressing public policy, including contracts sought to be enforced by an unlicensed contractor in violation of the above named statutes, were considered to be illegal and would not generally be enforced by the courts. We followed the Florida Supreme Court's holding in Cardegna, which had approved previous decisions of this court to the effect that a claim by a party asserting that a contract is illegal is first *1230 required to be presented to the trial court for disposition before arbitration of other disputes under the contract could proceed. That is to say, if the threshold challenge to the contract is based on the contract's illegality or violation of public policy, it must first be resolved by the trial court. Only if the contract is found to be legal and enforceable may arbitration then be required. Ultimately, we reversed the trial court's order compelling arbitration and remanded with directions that the trial court address the issue of the illegality of the contract.
After remand the trial court entered an order denying Boyd Construction's motion to dismiss/motion to compel arbitration and granted Vacation Beach's motion to stay arbitration. For reasons not entirely clear, the trial court's ruling was put into a letter, but never reduced to a written order. Later, Boyd Construction submitted notices of supplemental authority to the trial court and requested that the court take the recent opinion of the United States Supreme Court in Cardegna into consideration. On its own motion, the trial court held a hearing to determine what effect, if any, the Cardegna decision had on this court's mandate. The trial court found as follows:
As to the supplemental authority provided by Charles Boyd Construction, Inc., the argument advanced by defendant that the recent ruling in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), has an effect on the Fifth District Court of Appeal's mandate is not one that the trial court can accede to because the Fifth District Court of Appeal's ruling that this court must determine the enforceability of the contract is law of the case. See Brunner Enter. v. Dep't of Revenue, 452 So.2d 550 (Fla.1984) (recognizing that a lower court cannot change the law of the case as decided by the highest court hearing a case).
The trial court pointed out that the subject contract was unenforceable because of the public policy requiring contractors to be licensed. It then resolved the threshold issue of the illegality of the contract by making a factual determination that Boyd Construction was not a licensed contractor on the effective date of the contract. The court found that because the contract executed by the parties was illegal, the arbitration provision was not enforceable. Vacation Beach's motion to stay arbitration was granted and Boyd Construction's motion to dismiss and motion to compel arbitration was denied. Charles Boyd Construction appeals. This court has jurisdiction pursuant to rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure (order determining entitlement of a party to arbitration).
The United States Supreme Court in Cardegna held broadly that under the Federal Arbitration Act: (1) as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract; (2) unless there is a challenge to the arbitration clause itself, the issue of a contract's validity is considered by the arbitrator in the first instance; and critically for our purposes (3) this arbitration law applies in state as well as federal courts. The Court then noted that challenges to the validity of arbitration agreements upon grounds as exist at law or in equity for the revocation of any contract can be divided into two types. The first type challenges specifically the validity of the agreement to arbitrate, while the other challenges the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced), or on the ground that the illegality of one of the contract provisions of the contract *1231 renders the whole contract invalid. See also Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).
The United States Supreme Court arrived at this position by examining in detail section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16. It interpreted the statute to require that unless a challenge is made specifically to the arbitration clause, the issue of a contract's validity must in the first instance be considered by the arbitrator, rather than the trial court. Section 4 provides in particular that "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." The Court pointedly held that "the agreement for arbitration" meant the specific arbitration agreement within the contract. It concluded its opinion by saying that:
We reaffirm today that, regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.
Cardegna, 546 U.S. at ___, 126 S.Ct. at 1210. See also Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).
Vacation Beach correctly points out that our earlier resolution of this case was based on the Florida Arbitration Code ("FAC"), Chapter 682. There is, in fact, nothing to suggest that the instant contract was subject to the Federal Arbitration Act, as was the case in Cardegna. That distinction, however, does not make a difference.
Chapter 682, Florida Statutes (2006), is the Florida Arbitration Code. The provision within the Florida Arbitration Code that corresponds with section 4 of the Federal Arbitration Act is section 682.03(1), which reads:
A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
(Emphasis added).
The comparability of section 4 of the Federal Arbitration Act and section 682.03(1), Florida Statutes, has been addressed by the appellate courts of this state on a number of occasions. Both the First and the Second District Courts have indicated that the provisions are "virtually identical." See Rowe Enters., LLC v. Int'l Sys. & Elec. Corp., 932 So.2d 537, 539 (Fla. 1st DCA 2006); Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127, 128 n. 4 (Fla. 4th DCA 1982). In addition, the Third District Court in Post Tensioned Engineering Corp. v. Fairways Plaza Assocs., 412 So.2d 871 (Fla. 3d DCA 1982), held that the operative language of section 682.03(1) refers to an agreement or provision to arbitrate, rather than to the contract in its entirety. It held, as well, that the Federal arbitration statute is substantially similar to the Florida statute, and that under either the Florida or Federal view, only an attack on the making of the arbitration provision of the contract raises an issue for the court to *1232 decide. As the key provisions of the Federal and Florida legislation are comparable, then a judicial determination under the Federal provision has application by logic to Florida's. Indeed, that is precisely what the United States Supreme Court has told us.
In view of the reversal of the Florida Supreme Court's decision in Cardegna by the United States Supreme Court, we are compelled now to reverse the trial court's Order Denying Defendant's Motion To Dismiss/Motion To Compel Arbitration And Granting Plaintiff's Motion To Stay Arbitration. In particular we reverse the finding that the contract between Vacation Beach and Boyd Construction "is illegal and the arbitration provision therein is not enforceable." That issue must in the first instance be decided by the arbitrator, not the court. We acknowledge, of course, that in entering the order now under review the trial court was simply obeying our mandate. We likewise reverse the trial court's stay of arbitration and the denial of Boyd Construction's motion to dismiss and compel arbitration, and direct that the trial court order this matter to arbitration.
REVERSED and REMANDED.
GRIFFIN and THOMPSON, JJ., concur.