MONACO, C.J.
In this appeal we are required once again to examine the interplay between a trial court and an arbitrator. In the pres *1063 ent case the arbitrator denied a defense motion to dismiss, finding that although the plaintiff may have violated a local ordinance, it had not violated section 489.128, Florida Statutes (2002), and finding further that the contract under which the arbitration arose was not illegal. When the trial court set aside the arbitrator’s order and dismissed the case with prejudice, this appeal ensued. We reverse.
The facts in their most attenuated form begin with two subcontracts under which the appellant, Commercial Interiors Corporation of Boca Raton (“Commercial Interiors”), agreed with the ap-pellee, Pinkerton & Laws, Inc. (“P & L”), that Commercial Interiors would provide certain interior painting and certain other extra work on a Hampton Inn hotel being constructed by P & L in Pi-nellas County. The subcontracts were on a form drafted by P & L, and each contained an arbitration provision requiring arbitration upon proper demand under the rules of the American Arbitration Association in the event of a dispute. Commercial Interiors eventually brought suit claiming that P & L unjustifiably failed to pay it $51,209 for work done under the subcontracts. P & L filed a motion to compel arbitration and to abate the lawsuit. Commercial Interiors agreed and the case moved into the arbitration forum, the lawsuit having been abated.
P & L then filed a motion to dismiss the claim in arbitration, asserting that Commercial Interiors was not entitled to recover any amount under the subcontracts because the subcontracts were themselves illegal. P & L alleged accordingly that it was relieved of the obligation to pay any amount to Commercial Interiors because Commercial Interiors did not have a contractor’s license. Because of the odd threshold issue that was raised, the parties decided to bifurcate the arbitration into two evidentiary hearings, the first of which would consider P & L’s motion to dismiss, while the second would focus on the merits of the claim.
At the conclusion of the first evidentiary hearing the arbitrator issued a detailed order in which he ruled in favor of Commercial Interiors, and thus denied the motion to dismiss. The arbitrator found, among other things, that Commercial Interiors did not violate section 489.128, and that P & L was estopped from asserting (and had waived its right to assert) the claimed illegality of the subcontracts.
P & L promptly moved in the trial court to set aside or vacate the order of the arbitrator denying the motion to dismiss. The trial court heard arguments on the motion and entered an order setting aside the arbitrator’s order and dismissing the case with prejudice. The trial court held, in particular, that while it accepted the findings of fact made by the arbitrator, it was holding that the subcontracts, including the arbitration provision, were not enforceable, and that the arbitrator had misapplied section 489.128. Commercial Interiors appeals this ruling.[1]
In Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 168 L.Ed.2d 1038 (2006), the United States Supreme Court held in broad terms that under the Federal Arbitration Act an arbitration provision of a contract is severable from the remainder of the contract, and, more importantly for our purposes, that unless there is a challenge to the arbitration clause itself, the issue of a contract’s validity must be considered “in the first instance” by the arbitrator, not the court. Moreover, the Supreme Court held that *1064 the arbitration law that it announced applies in state court, as well as federal court. In a case quite factually similar to the present case, this court followed suit and applied those principles. See Charles Boyd Const., Inc. v. Vacation Beach, Inc., 959 So.2d 1227 (Fla. 5th DCA 2007).
Here, the arbitrator properly considered the illegality of the subject contract in the “first instance.” The issue we must now confront is what standard the trial court should use if asked to review the arbitrator’s ruling on illegality. We begin our examination of this question by considering section 682.13, Florida Statutes (2007), which deals with a party’s request for a trial court to vacate an arbitration award. That statute dictates that a court shall vacate an award when: (a) the award was procured by corruption, fraud or other undue means; (b) there was evident partiality by the arbitrator appointed, corruption in any of the arbitrators or umpire, or misconduct prejudicing the rights of any party; (c) the arbitrators or the umpire in the course of exercising jurisdiction exceeded their powers; (d) the arbitrators or the umpire in the course of her or his jurisdiction refused to postpone the hearing upon sufficient cause being shown or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 682.06, as to prejudice substantially the rights of a party; (e) there was no agreement or provision for arbitration subject to this law, unless the matter was determined in a proceeding under section 682.03, and unless the party participated in the arbitration hearing without raising the objection.
We have specifically held that in order to vacate an arbitration award a party must establish one of the five section 682.13 grounds. See RDC Golf of Florida I, Inc. v. Apostolicas, 925 So.2d 1082, 1091 (Fla. 5th DCA), review denied, 940 So.2d 1125 (Fla.2006), cert. denied, 549 U.S. 1253, 127 S.Ct. 1383, 167 L.Ed.2d 161 (2007); see also Commc’ns Workers of Am. v. Indian River County Sch. Bd., 888 So.2d 96, 99 (Fla. 4th DCA 2004), review denied, 901 So.2d 873 (Fla.2005).[2] If a party moving to vacate fails to prevail on one of these grounds “neither a circuit court nor a district court of appeal has the authority to overturn the award.” See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla.1989).
It is quite clear that none of these rather narrow grounds apply to the present case. The subcontracts and the arbitration clause within them were drafted by P & L; P & L demanded arbitration; and P & L fully participated in the arbitration. There is no claim of partiality, corruption or misconduct by the arbitrator, and no assertion that the arbitrator exceeded his powers. Based on our reading of the transcript of the circuit court hearing, it appears that the trial court simply disagreed with the arbitrator’s application of the law to the facts of this case. That, however, is not a sufficient basis to set aside this arbitration proceeding.
The Florida Supreme Court in Schnurmacher specifically held that “An award of arbitration may not be reversed on the ground that the arbitrator made an error of law.” Id. at 1329. The high court went on to conclude that if the arbitrators are not guilty of one of the acts of misconduct listed in section 682.13, the award acts as a final and conclusive judgment. Arbitration, after all, is a form of altema- *1065 tive dispute resolution. It cannot function in that fashion unless the standard of trial court review of the determinations of the arbitration body is “extremely limited.” Murton Roofing Corp. v. FF Fund Corp., 930 So.2d 772, 773 (Fla. 3d DCA 2006).
Accordingly, we reverse the order of the trial court setting aside the order of the arbitrator, reopening the lawsuit in circuit court, and dismissing the suit with prejudice, and remand with instructions to reinstate the claim filed by Commercial Interiors, abate the lawsuit pending the completion of arbitration, and return this matter for arbitration in accordance with the contract between the parties.
REVERSED and REMANDED.
GRIFFIN and SAWAYA, JJ., concur.

. We make no comment about the peculiar procedural processing of this case. Suffice it to say that the parties seemed to agree to handle it this way.

. Even if the trial court’s actions are viewed under the Federal Arbitration Act, 9 USC § 10(a) (2009), the grounds for relief are essentially the same. See Lee v. Dean Witter Reynolds, Inc., 594 So.2d 783, 785 (Fla. 2d DCA 1992).