KHOUZAM, Judge.
Travis Quesada appeals the circuit court’s order denying his motion to vacate an arbitration award which determined that the City of Tampa (the City) had properly terminated his employment with Tampa Fire Rescue. We reverse and vacate the arbitration award.
On September 24, 2007, Quesada was dismissed from his employment with Tampa Fire Rescue after a second drug test came back positive for suspicious levels of the metabolite 19-norandrosterone. This result suggested that Quesada had taken the anabolic steroid Nandrolone and had *925 been untruthful in his responses to departmental and medical inquiries regarding steroid use. Quesada filed a grievance, maintaining that he had not taken illegal anabolic steroids and that his use of the legal, over-the-counter supplement 17-Halo-Methyl-Dianadrone (17-HD) had produced false positive test results. After the grievance was denied, the parties went to arbitration pursuant to a collective bargaining agreement between the City and International Association of Firefighters (the Union), which represented Quesada. A hearing was held. Both the City and the Union presented expert testimony regarding anabolic steroid testing generally and the possibility that legal supplements such as 17-HD could produce a false positive result on a test for steroids.
The City’s expert testified that he had become acquainted with 17-HD the day of the hearing and did not know enough about it to comment on whether it could have caused Quesada’s positive test results. But he was not aware of any cases where the reporting limit of the metabolite 19-norandrosterone had been exceeded with anything other than Nandrolone or a related steroid. The Union’s expert, on the other hand, characterized 17-HD as a legal pro-steroid that “has the potential of producing the same metabolite, the same breakdown product as the illicit Nandro-lone.” He noted that Quesada’s levels of 19-norandrosterone were low compared to documented Nandrolone users and concluded that there was a very reasonable probability that Quesada’s consumption of 17-HD caused false positive test results.
On November 13, 2009, the arbitrator entered a written award determining that the City had not unjustly terminated Que-sada’s employment. In the award, the arbitrator acknowledged that she had conducted independent research on the supplement 17-HD. She noted that Vyo-tech — the company that produces 17-HD — states on its website that the supplement will not show up on drug tests. She attached several pages of information, apparently gathered from Vyotech’s website and a dietician acquainted with 17-HD. These pages contained an assessment of 17-HD’s ingredients and the dietician’s opinion that “17-HD is just a bunch of herbs with a name that tries to sound like a prohormone or even a potent steroid.”
After mentioning this outside research, the arbitrator concluded that Quesada’s positive test result could not have been caused by 17-HD, that his responses regarding steroid use were untruthful, and that he had not been unjustly terminated. Quesada moved to vacate the arbitration award because the arbitrator had conducted independent research. The circuit court denied Quesada’s motion on August 16, 2011, and he timely appealed the circuit court’s order.
On appeal, Quesada argues that the arbitrator’s independent investigation of the facts constitutes misconduct under section 682.13(1), Florida Statutes (2011), and that he has been prejudiced by this misconduct. We agree. Section 682.13(1) provides that a court shall vacate an arbitration award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of her or his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence *926 material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection.
Subsection 682.1S(l)(b) “requires vacation of an award when there is misconduct by an arbitrator which prejudices the rights of any party.” Int’l Med. Ctrs., Inc. v. Sabates, 498 So.2d 1292, 1293 (Fla. 3d DCA 1986).
Here, the arbitrator’s independent research constitutes misconduct because “arbitration panels should not, in the course of their deliberations, go outside the evidence presented to them.” Id.; cf. Fla. Code Jud. Conduct, Canon 3 commentary (“A judge must not independently investigate facts in a case and must consider only the evidence presented.”). And Quesada has been prejudiced by the arbitrator’s misconduct because her independent research yielded information not only different from any of the evidence in the record but also damaging to Quesada’s case. We note that the collective bargaining agreement did not provide that the arbitrator was free to conduct independent research. Accordingly, we reverse the circuit court’s order and vacate the arbitrator’s award.
Reversed; arbitration award vacated.
ALTENBERND and WHATLEY, JJ., Concur.