SUAREZ, J.
The Village at Dolphin Commerce Center, LLC (“the Owner”) appeals confirmation of an arbitration award in favor of Construction Service Solutions, LLC (“CSS”). We affirm.
In 2009, the Owner entered into a contract with CSS for construction of a warehouse. At the time the contract was signed CSS did not have a qualifying agent registered with the Department of Business and Professional Regulation.[1] The construction of the warehouse did not go as planned, and in July 2010 CSS recorded a claim of lien against the property which was the subject of the contract. In September 2010, pursuant to the contract’s terms for dispute resolution, CSS filed a demand with the American Arbitration Association (“AAA”) for arbitration of its claim. In October 2010, the Owner filed its answering statement and affirmative defenses in the arbitration. As its first affirmative defense, the Owner asserted that the contract was unenforceable under section 489.128(1), Florida Statutes (2009), which states: “As a matter of public policy, contracts entered into on or after October 1, 1990, by an unlicensed contractor shall be unenforceable in law or in equity by the unlicensed contractor.”[2]
The Owner also filed a counterclaim against CSS seeking damages from CSS.
At the same time, the Owner filed this action seeking a declaration that CSS’s claim of lien was invalid under section 489.128(1). CSS filed a counterclaim and also filed a Motion to Dismiss or to Compel Arbitration. After hearing, the trial court granted the motion to compel arbitration and stayed this action.
The parties proceeded to arbitrate. Through its first affirmative defense the Owner submitted the issue of enforceability to the panel. Neither party objected to the arbitration panel’s jurisdiction to hear that issue. The rules of the American Arbitration Association specifically state that any objection to the panel hearing an issue must be submitted with the answering statement or it is determined that the panel will have jurisdiction. See Rule 9(c) (Jurisdiction) of the Construction Industry Arbitration Rules of the American Arbitration Association (“A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection.”). After twelve days of hearings, the arbitration panel issued an award in favor of CSS. CSS then filed a motion in the circuit court seeking confirmation of the award and the Owner filed a motion to vacate the award based on CSS’s failure to comply with section 489.128. The trial court referred the matter to a general magistrate.
After lengthy hearings, the magistrate issued a fourteen-page report containing findings of fact and conclusions of law, which affirmed the arbitration award and *944 found that the issue of enforceability was submitted for arbitration and was properly determined by the panel. The trial court entered final judgment in favor of CSS for the amount awarded by the arbitration panel, as well as attorney’s fees under section 718.29 and enforced the lien. The Owner has appealed the denial of its motion to vacate, the entry of final judgment and the enforcement of CSS’s lien.
The Owner first argues that it was improper for the trial court to confirm the arbitration award in light of the recent Supreme Court ruling in Earth Trades, Inc. v. T & G Carp., 108 So.3d 580 (Fla.2018). Earth Trades does not answer the enforceability issue presented in this case. Rather, Earth Trades addresses the issue of whether a contractor who was in violation of section 489.128 can raise the common law defense of in pari delicto when sued. Id. at 581. Earth Trades does not apply as it does not involve the submission of the issue of enforceability of a contract to an arbitration panel.
The Owner next argues that the arbitrators did not determine the issue of legality of the contract either because “the parties did not agree to submit [CSSj’s lien claim to arbitration,” or because the arbitration award was silent on the Owner’s affirmative defenses, deciding only the “claims” submitted by the parties. We agree with the general magistrate that the issue of enforceability was made a part of the arbitration when the Owner filed its answering statement and raised enforceability as its first affirmative defense, but did not contest the arbitrator’s ability to determine the issue. Additionally, nothing in the record shows that the Owners objected to the arbitrators having jurisdiction to hear the issue at any other time.
After a twelve day hearing, the arbitration panel made an award in favor of CSS. In order to do so, we can only conclude that the panel did, in fact, address the issue of enforceability. Even though the award does not specifically refer to the issue, the award does state what issues the panel did not address (enforceability is not listed) and specifically states that “This Award completes the full settlement of the claims submitted to this Arbitration. All claims not expressly granted herein are hereby DENIED.” Therefore, we conclude that the parties submitted the issue of enforceability of the contract to the arbitrators and that the arbitrators, in order to rule on behalf of CSS, addressed the issue.[3]
The Owner next argues that the trial court erred in confirming the arbitration award because doing so resulted in the enforcement of an illegal contract. We also reject this argument because determination of the legality of the contract was a decision for the arbitrators and the trial court was not permitted to revisit the determination of that issue upon a demand for confirmation of the arbitration award. What is arbitrated by an arbitration panel depends on what the parties to the arbitration agreement agree to arbitrate. The panel gets its jurisdiction and the scope of the matters to be arbitrated from the agreement of the parties. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999) (“The determination of whether an arbitration clause requires arbitration of a particular dispute necessarily ‘rests on the intent of the parties.’”) citing Seaboard Coast Line R.R. v. Trailer Train Co., 690 F.2d 1343, 1348 (11th Cir.1982); Regency Group, Inc. v. McDaniels, 647 So.2d 192, 193 (Fla. 1st DCA 1994) (“The agreement *945 of the parties determines the issues subject to arbitration.”).
As stated above, the issue of enforceability was submitted to the panel and neither party objected. As such, based on the AAA rules, the panel had jurisdiction to determine the issue. To ask the trial court to revisit this issue would require the trial court to step into an appellate position. The Florida Arbitration Statutes do not provide for such. Pursuant to section 682.13, Florida Statutes, the authority of the trial court to vacate an arbitration award is very narrow. That statute provides only eight specific reasons upon which a trial court may vacate an arbitration award. The reason relied upon by the Owner is that the arbitrators exceeded their power by deciding the enforceability issue. The problem with that argument is that the issue was submitted to the panel and, as such, it did not exceed its power. See Verzura Constr., Inc. v. Surfside Ocean, Inc., 708 So.2d 994, 995 (Fla. 3d DCA 1998). That determination of the legality of the contract was for the arbitrators to decide is made clear in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), where patrons of a check cashing business argued that the contract requiring them to arbitrate disputes with the business was illegal and, therefore, the arbitration clauses contained within the contracts were not enforceable. In reversing the Florida Supreme Court’s ruling that “to enforce an agreement to arbitrate in a contract challenged as unlawful ‘could breathe life into a contract that not only violates state law, but also is criminal in nature.’ ”, the Supreme Court stated:
Challenges to the validity of arbitration agreements ‘upon such grounds as exist at law or in equity for the revocation of any contract’ can be divided into two types. One type challenges specifically the validity of the agreement to arbitrate. [citation omitted]. The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced), or on the ground that the illegality of one of the contract’s provisions renders the whole contract invalid. Respondents’ claim is of this second type. The crux of the complaint is that the contract as a whole (including its arbitration provision) is rendered invalid by the usurious finance charge.
[[Image here]]
[Ujnless the challenge is to the arbitration clause itself, the issue of the contract’s validity is considered by the arbitrator in the first instance.... [W]e conclude that because respondents challenge the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract. The challenge should therefore be considered by an arbitrator, not a court.
[[Image here]]
We reaffirm today that, regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.
Id. at 444-449, 126 S.Ct. 1204 (emphasis added). Thus, the Supreme Court has determined that claims such as those made by the Owner here — that the contract at issue is illegal and not enforceable — are to be determined by the arbitrators and not the court.
This rule has been applied by other courts addressing claims identical to those made by the Owner. In Commercial Interiors Corp. of Boca Raton v. Pinkerton & Laws, Inc., 19 So.3d 1062 (Fla. 5th DCA 2009), Pinkerton sought dismissal of an arbitration arguing that its contract with Commercial Interiors was illegal under section 489.128, Florida Statutes. The ar *946 bitrator denied the motion to dismiss and entered an award in favor of Commercial Interiors. Pinkerton then moved the trial court to set aside the arbitrator’s award because the contract was illegal — just as the Owner has done in this case. The trial court there granted Pinkerton’s motion, but the Fifth District reversed, holding:
Here, the arbitrator properly considered the illegality of the subject contract in the ‘first instance.’ The issue we must now confront is what standard the trial court should use if asked to review the arbitrator’s ruling on illegality.... We have specifically held that in order to vacate an arbitration award a party must establish one of the five section 682.13 grounds, [citations omitted]. If a party moving to vacate fails to prevail on one of these grounds ‘neither a circuit court nor a district court of appeal has the authority to overturn the award.’ [citation omitted].
It is quite clear that none of these rather narrow grounds apply to the present case.... Based on our reading of the transcript of the circuit court hearing, it appears that the trial court simply disagreed with the arbitrator’s application of the law to the facts of this case. That, however, is not a sufficient basis to set aside the arbitration proceeding.
Id. at 1064. See also, Schnurmacher v. Noriega, 542 So.2d 1327, 1328-29 (Fla.1989) (“[T]he award of arbitrators in statutory arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts.... To allow judicial review of the merits of an arbitration award for any reason other than those stated in section 682.13(10) would undermine the purpose of settling disputes through arbitration.”).
Likewise, in Charles Boyd Construction, Inc. v. Vacation Beach, Inc., 959 So.2d 1227 (Fla. 5th DCA 2007), a property owner claimed that its construction contracts were illegal under section 489.128 and filed a declaratory judgment action regarding the legality of the contract. The trial court granted the contractor’s motion to dismiss the declaratory judgment action and the appellate court originally reversed. Following the issuance of Buckeye Check Cashing, supra, the Fifth District revised its opinion and stated: “In particular, we reverse the finding that the contract between [the property owner] and [the construction company] ‘is illegal and the arbitration provision therein is not enforceable.’ That issue must in the first instance be decided by the arbitrator, not the court.” Id. at 1232.
Those cases make clear that a trial or appellate court’s view that an arbitration panel wrongly decided the issue of illegality of a contract, and specifically illegality of a contract under section 489.128, is not a basis to vacate an arbitration award.[4] Consequently, the trial court was correct in affirming the arbitration award despite the Owner’s argument that the contract at issue was illegal.
Finally, the Owner argues that the trial court erred in enforcing CSS’s claim of lien because foreclosure of that lien was not decided by the arbitration panel. We do not agree. As in Royal Palm Collection, Inc. v. Lewis, 36 So.3d 168 (Fla. 4th DCA 2010), CSS “was entitled to the entry *947 of a final judgment of foreclosure as a means of enforcing the arbitrator’s award. See §§ 713.08, 713.21, Fla. Stat. (2009).” See also, McDaniel v. Berhalter, 405 So.2d 1027, 1029 (Fla. 4th DCA 1981) (recognizing that while a party may be required to arbitrate the issue of its entitlement to payment and the amount due, he retains the right to enforce an arbitration award by means of a mechanic’s lien), called into doubt on other grounds, Fewox v. McMerit Constr. Co., 556 So.2d 419 (Fla. 2d DCA 1989); Beach Resorts Int’l, Inc. v. Clarmac Marine Constr. Co., 339 So.2d 689, 692 n. 3 (Fla. 2d DCA 1976) (stating that had the defendant failed to pay full amount of arbitrator’s award, a mechanic’s lien could have been imposed to enforce arbitrator’s award) (citing Mills); Mills v. Robert W. Gottfried, Inc., 272 So.2d 837, 839 (Fla. 4th DCA 1973) (stating that contemporaneous with confirmation of the arbitration award, the trial court “may adjudicate the right of the plaintiff to a mechanic’s lien for the purpose of enforcing such judgment as plaintiff may obtain.”).
Accordingly, we affirm the confirmation of the arbitration award and the enforcement of CSS’s lien.
Affirmed.

. Shortly after the contract was signed, CSS satisfied all the statutory requirements and became fully licensed. This does not cure the statutory requirement of section 489.128, Florida Statutes (2009), that the contractor must be licensed at the time of contracting and, if not, is in violation of the statute. Earth Trades, Inc. v. T & G Corp., 108 So.3d 580, 585 (Fla.2013).

. Subsection (3) states: "This section shall not affect the rights of parties other than the unlicensed contractor to enforce contract, lien, or bond remedies. This section shall not affect the obligations of a surety that has provided a bond on behalf of an unlicensed contractor. It shall not be a defense to any claim on a bond or indemnity agreement that the principal or indemnitor is unlicensed for purposes of this section.” Thus, the Owner was permitted to seek to enforce the contract despite its claim that CSS was unlicensed.

. It is important to note that, like the general magistrate, we do not have the advantage of a transcript of the arbitration proceedings as none was made.

. We acknowledge that in Jupiter Medical Center, Inc. v. Visiting Nurse Association of Florida, Inc., 72 So.3d 184 (Fla. 4th DCA 2011) the Fourth District stated: "If [a] contract is found to be illegal, a prior arbitration will not prevent the trial court from vacating the award.” Id. at 186. That ruling appears to be inconsistent with the holding in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 1210, 163 L.Ed.2d 1038 (2006) (“a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.”).