# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1697
LT Case No. 2021-CA-23171

_____

FLYING PANDA FLORIDA, LLC, a
Florida Limited Liability
Company,

      Appellant,

      v.

KRISTEN RUTHERFORD, IJUMP
PALM BAY, LLC, D/B/A PLANET 3
EXTREME AIR PARK, a Foreign
Limited Liability Company,
LION TAMER, LLC, a Florida
Limited Liability Company,

      Appellees.

_____

Nonfinal appeal from the Circuit Court for Brevard County.
George Paulk, Judge.

Joseph S. Justice, of Buckley, Seacord & Justice, P.A., Orlando,
for Appellant.

Christopher V. Carlyle, of The Carlyle Appellate Law Firm,
Orlando, and Scott D. Alpizar, of Alpizar Law, LLC, Palm Bay,
for Appellee, Kristen Rutherford.

No Appearance for Remaining Appellees.

February 23, 2024

HARRIS, J.

Appellant, Flying Panda, LLC, timely appeals the trial court's non-final order granting Appellee, Kristen Rutherford's, Motion to Deem Exculpatory Waiver Void and Unenforceable and denying Flying Panda's Motion to Compel Mediation and Arbitration. Flying Panda argues inter alia that the trial court erred in considering the validity of the exculpatory clause contained within the Waiver because this consideration was premature and erred in failing to enforce the unchallenged mediation/arbitration clause. We find that the court erred in denying Flying Panda's motion to compel arbitration and that the issue of the validity of the exculpatory clause should have been decided in the first instance by the arbitrator. We therefore reverse and remand for the trial court to enforce the mediation agreement.

Kristen Rutherford filed a complaint against Flying Panda and others alleging that she suffered a serious and permanent injury while visiting a trampoline park owned by Flying Panda. It is undisputed that Rutherford was required to sign a document titled "Plant 3 Palm Bay Waiver" on an electronic device in order to enter the trampoline park. The Waiver contained a provision requiring the parties to submit any dispute to mediation and non-binding arbitration.

Based on that clause, Flying Panda moved to dismiss the complaint and/or compel mediation and arbitration, arguing that Rutherford specifically agreed to such alternative dispute resolution of her tort claim pursuant to the Waiver. Rutherford then filed a Motion to Deem Exculpatory Waiver Void and Unenforceable and a Response in Opposition to Flying Panda's Motion to Compel Mediation and Arbitration.

Flying Panda in turn filed a response to Rutherford's motion, arguing that it did not seek to enforce the exculpatory clause, but rather sought to enforce the alternative dispute resolution clause and therefore, Rutherford's motion was premature. Flying Panda argued that because Rutherford admitted to completing the Waiver and raised no legal argument against the enforceability of the alternative dispute resolution clause, the court should enforce that portion of the agreement.

2

Following a hearing on the motions, the court concluded that the waiver/exculpatory clause was ambiguous and therefore unenforceable. The court further found that because the Waiver is deemed unenforceable, then the severability clause cannot serve to keep the mediation and arbitration clauses enforceable and thus denied Flying Panda's motion to compel mediation/arbitration.

On appeal, Flying Panda argues that it was the arbitrator's role, not the trial court's, to consider whether the exculpatory clause was valid.[1] *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."). We agree and find that the trial court should have limited its determination to whether Rutherford had raised any contractual defenses to the arbitration clause and since she did not, the trial court should have compelled arbitration.

That the ultimate determination of the legality or enforceability of the Waiver was properly for the arbitrators to decide was made clear in *Cardegna*, where the United States Supreme Court identified two types of challenges to arbitration agreements:

> Challenges to the validity of arbitration agreements "upon such grounds as exist at law or in equity for the revocation of any contract" can be divided into two types. One type challenges specifically the validity of the agreement to arbitrate. . . . The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.
>
> . . . .

---

[1] We have considered and rejected Rutherford's argument that Flying Panda has not preserved this issue for appellate review.

3

First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. *Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.* Third, this arbitration law applies in state as well as federal courts. . . . [B]ecause respondents challenge the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract. The challenge should therefore be considered by an arbitrator, not a court.

*Id.* at 444–46 (emphasis supplied). Florida law is in accord. *See Charles Boyd Constr., Inc. v. Vacation Beach, Inc.*, 959 So. 2d 1227, 1231–32 (Fla. 5th DCA 2007) ("[U]nder either the Florida or Federal view, only an attack on the making of the arbitration provision of the contract raises an issue for the court to decide."); *Arrasola v. MGP Motor Holdings, LLC*, 172 So. 3d 508, 513 (Fla. 3d DCA 2015) (holding same); *Operis Grp., Corp. v. E.I. at Doral, LLC*, 973 So. 2d 485, 487 (Fla. 3d DCA 2007) ("Under Florida's arbitration code, the trial court must consider three elements before ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." (citing *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999))); *see also* § 682.03(1), Fla. Stat.

Here, Rutherford does not dispute that she signed the Waiver or that the Waiver contains a provision to arbitrate. She challenges the validity of the exculpatory clause and argues that because the clause is invalid, the contract as a whole is as well. She does not specifically challenge the arbitration provision. Thus, the claim of invalidity of the exculpatory clause or the Waiver as a whole must be considered in the first instance by the arbitrator rather than the court.

We reverse the trial court's order in its entirety and remand with instructions to grant Flying Panda's motion to compel mediation/arbitration.

REVERSED and REMANDED with instructions.

EISNAUGLE and SOUD, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

5