637 So.2d 989 (1994)
Juan J. CASTRO and Blanca I. Castro, husband and wife, Appellants,
v.
Jose SANGLES, Appellee.
No. 93-1565.
District Court of Appeal of Florida, Third District.
June 7, 1994.
*990 Arthur J. Morburger, Peter A. Cohen, Miami, for appellants.
No appearance for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
SCHWARTZ, Chief Judge.
The Castros agreed with Sangles, an unlicensed contractor, to build a duplex on their property for the apparently low sum of $42,500.00. Mr. Castro then himself "pulled" the building permit from the Dade County authorities on the knowing and sworn-to misrepresentations that he was the "owner-builder" and that no contractor was involved. When Sangles's construction proved unsatisfactory, the Castros brought this action for his breach of the agreement. The case was referred to a General Master, who recommended dismissal of the action on the ground that the alleged agreement was unenforceable under section 489.128, Florida Statutes (1991).[1] The Castros now appeal from a final judgment confirming that report. We affirm.
In our view, the conclusion that the action is barred by the clear terms of the statute that a contract like this one is "unenforceable in law," § 489.128, is entirely correct. It is, of course, the general rule that no action may be maintained on an "illegal" agreement. Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818, 823 (Fla. 1953) ("[A] contract against public policy may not be made the basis of any action either in law or in equity."); Stewart v. Stearns & Culver Lumber Co., 56 Fla. 570, 587-88, 48 So. 19, 25 (1908) (contracts violating public policy designed for public welfare are illegal and will not be enforced by the courts); D & L Harrod, Inc. v. U.S. Precast Corp., 322 So.2d 630, 631 (Fla. 3d DCA 1975) ("There is no legal remedy for that which is illegal itself"; carrier who hauled goods without license in violation of statute enacted for protection of public denied recovery under contract). It is true, as the plaintiffs point out, that this doctrine has sometimes not been applied when, as here, one dealing with another who is not properly licensed attempts to recover for the non-licensee's own breach of contract. E.g., Cooper v. Paris, 413 So.2d 772 (Fla. 1st DCA 1982) (permitting recovery of commissions paid to unlicensed real estate broker). See generally Annot., Recovery Back of Money Paid to Unlicensed Person Required by Law to Have Occupational or Business License or Permit to Make Contract, 74 A.L.R.3d 637 (1976). These authorities, however, do not apply to this situation.
1. First, these cases are founded on the fact that the statute in question was designed to protect a class of consumers from the perils of dealing with an unlicensed contractor, so that it would be contradictory to deny an innocent victim the right to recover against that wrongdoer. Cooper, 413 So.2d at 773-74; 11 Fla.Jur.2d Contracts § 83 (1979). This underlying premise is pointedly not true of section 489.128. As its preamble states,[2] the statute was enacted to safeguard the public as a whole from the activities of incompetent contractors. The effect of the combination of Hurricane Andrew and shoddy construction practices not only upon the owner himself, but his neighbors and the entire community, is too recent a memory to require emphasis of the fact that violations of the statute present a real danger, as the *991 legislature foresaw, to the general public. Hence, the general rule forbidding reliance on such a contract directly applies.
2. Just as important, one may recover upon an apparently illegal contract only if he himself has not been guilty of wrongdoing  that is, as we pontifically say in the law, that he is not in pari delicto with the actual malefactor. Local No. 234, 66 So.2d at 821; Cooper, 413 So.2d at 773. Again, that is not the case here.[3] As General Master Farrell properly stated:
Plaintiff cites Stewart v. Stearns & Culver Lumber Co., 56 Fla. 570, 48 So. 19, 25 (1908), declaring:
"The courts will not in general aid either party to enforce an illegal agreement, but will leave the parties where they place themselves with reference to such illegal agreement, except where the law or public policy requires action by the courts, or where the parties are not in pari delicto..." [E.S.]
The plaintiff, however, disregards or minimizes the fact that plaintiff, Juan Castro, was clearly in pari delicto since it was he who, for his own financial gain, made a specific representation to official authorities, under oath, that the building permit was expressly sought by the owner as builder thereby disavowing the presence of the "general contractor" against whom he now seeks to enforce an alleged express oral agreement.
We entirely agree that Castro's improper securing of the building permit  which was contrary not only to his sworn affidavit and the Metropolitan Dade County Code,[4] but to Chapter 489 itself[5]  precluded his recovery.[6] *992 We cannot allow one to invoke the judicial process when, for his own financial benefit, he has participated in the very activity the law precludes, with the resulting danger that the law seeks to avoid. See Inter-Continental Promotions, Inc. v. Miami Beach First Nat'l Bank, 441 F.2d 1356, 1361 (5th Cir.1971) (participants in a boxing match who knowingly engaged in "subterfuge" to bring event within statutory exception, barred from recovery against promoters of illegal fight), cert. denied, 404 U.S. 850, 92 S.Ct. 85, 30 L.Ed.2d 89 (1971).
Affirmed.
NOTES
[1] Contracts performed by unlicensed contractors unenforceable.  As a matter of public policy, contracts entered into on or after October 1, 1990, and performed in full or in part by any contractor who fails to obtain or maintain his license in accordance with this part shall be unenforceable in law, and the court in its discretion may extend this provision to equitable remedies. However, in the event the contractor obtains or reinstates his license the provisions of this section shall no longer apply.
[2] Purpose.  The Legislature recognizes that the construction and home improvement industries may pose a danger of significant harm to the public when incompetent or dishonest contractors provide unsafe, unstable, or short-lived products or services. Therefore, it is necessary in the interest of the public health, safety, and welfare to regulate the construction industry.
[3] See Kirkendall v. Heckinger, 105 Mich. App. 621, 628 n. 2, 307 N.W.2d 699, 703 n. 2 (1981) ("Query whether [property owners] were in pari delicto with defendants in violating ... the residential builders licensing act, or at least in delicto[,]" where plaintiffs obtained building permit which could not be issued to defendant as an unlicensed contractor.).
[4] The Code provides:

Sec. 10-5. Qualifications for obtaining permits.
....
(2) A sole owner may make application for permit, supervise and do the work in connection with the construction, maintenance, repair, alteration and addition to a single-family or duplex residence for his own use and occupancy and not intended for sale. He shall obtain all required permits for such work, and as a prerequisite to obtaining permits, he shall satisfy the Building Official that he has the ability and knowledge of the South Florida Building Code to do such work in the trades involved.
A sole owner, may in addition, personally install, repair, alter, or add to the plumbing, electrical, mechanical and gas systems in his own single-family or duplex residence for his own use and occupancy and not intended for sale... . Such installation shall be made by the owner for himself and on his own premises, without compensation from others, and he shall not employ anyone to assist with such installations.
Metropolitan Dade County, Fla., Code § 10-5(a)(2) (1992).
[5] Exemptions.  This part does not apply to:
....
(7) Owners of property when acting as their own contractor and providing all material supervision themselves, when building or improving farm outbuildings or one-family or two-family residences on such property for the occupancy or use of such owners and not offered for sale or lease... . This subsection does not exempt any person who is employed by such owner and who acts in the capacity of a contractor... . To qualify for exemption under this subsection, an owner must personally appear and sign the building permit application. The local permitting agency shall provide the person with a disclosure statement in substantially the following form:
Disclosure Statement
State law requires construction to be done by licensed contractors. You have applied for a permit under an exemption to that law. The exemption allows you, as the owner of your property, to act as your own contractor even though you do not have a license. You must supervise the construction yourself. You may build or improve a one-family or two-family residence or a farm outbuilding... . The building must be for your own use and occupancy. It may not be built for sale or lease... . You may not hire an unlicensed person as your contractor. Your construction must be done according to building codes and zoning regulations. It is your responsibility to make sure that people employed by you have licenses required by state law and by county or municipal licensing ordinances.
[6] This conclusion is well illustrated by comparing the result in Marshall v. La Boi, 125 Cal. App.2d 253, 270 P.2d 99 (1954), with that in May v. Herron, 127 Cal. App.2d 707, 274 P.2d 484 (1954). Both cases involved the violation of the same federal regulation that a building permit could be obtained only for the use of a World War II veteran. In Marshall, the architects obtained the permits, and the contractor performed the work, based upon the purported homeowners' representations that their nephew was a veteran and would live with them in the house. The contractor and architects later sued the homeowners and the nephew for breach of contract. The judgments in their favor were affirmed because the contractor and the architects did not knowingly participate in the fraud on the government and were therefore not in pari delicto. Marshall, 125 Cal. App.2d at 265-67, 270 P.2d at 107-08. In May, however, the contractor was barred from recovery because he told the homeowners that they could circumvent the regulation by transferring title to the property to their veteran relative and requesting that he obtain the permit. May, 127 Cal. App.2d at 711, 274 P.2d at 487.