RAMIREZ, J.
In this homeowner action against an unlicensed contractor, we reverse in part because appellee Clifton F. McNully cannot enforce his contract with the owner, appellant John Hancock-Gannon, Joint Venture II, and thus, cannot assert his contractual defenses. We affirm the dismissal of the gross negligence claims.
The owner hired McNully, a roofing contractor, to repair damage to the roof of its apartment complex caused by Hurricane Andrew. McNully had relocated to Dade County from Arkansas in the aftermath of the hurricane. He obtained a temporary license under an emergency provision of the Dade County Code that allowed him to make roof repairs in the County. When the owner and McNully executed then-contract on April 13, 1993, McNully’s temporary license had expired.[1] Edward J. Hernandez of EJH Construction, Inc. (collectively “EJH”) pulled the project permits, but EJH had no contractual relationship with the owner. The owner sued both McNully and EJH because the roof repairs were substandard and subsequent rains caused water damage to the units. The trial court struck certain counts and granted summary judgment for the defendants on the remaining counts, relying on-contractual defenses for the rulings.
Section 489.128, Florida Statutes (1993), provides that contracts entered into on or after October 1, 1990 and performed by a contractor who has failed to maintain his license are unenforceable in law or in equity. Additionally, section 553.84, Florida Statutes (1992), provides the owner with a statutory cause of action as a person or party damaged as a result of a violation of the State Minimum Building Codes. As the Florida Supreme Court stated in Comptech Int’l, Inc. v. Milam Commerce Park, Ltd., 753 So.2d 1219, 1222 (Fla.1999):
This statutory provision provides a cause of action when a person or entity is injured by a defendant who is engaged in construction without obtaining the required building permits or who violates the building code. The statute uses language that makes it unmistakably clear that the remedy provided therein is in addition to any other remedies that may be available.
Not only did McNully defend on the basis of his unenforceable contract with the owner, he used the contract between the owner and the general contractor to interpose defenses which are clearly prohibited by statute.
There were two contracts presented to the trial judge: the Prime Contract dated January 28,1993, between the general contractor and the owner; and the Roofing Contract dated April 13, 1993, between McNully and the owner. In the Roofing Contract, McNully agrees in paragraph 4.6.1 to indemnify the owner for any damages resulting from the performance of his work. The Roofing Contract incorporates the Prime Contract, but provides at paragraph 2.1 that where a provision of the Prime Contract is inconsistent with a provision of the Roofing Contract, the Roofing Contract shall govern.
The trial court relied on Provision 17.3 of the Prime Contract which re- *297 quired the owner to purchase and maintain property insurance upon the entire project, and was to include the interest of the owner, the general contractor and all subcontractors. This was error because the trial judge ignored the indemnification provisions of the Roofing Contract, which superceded the provisions of the Prime Contract. Additionally, as previously stated, this ruling ignores the mandate of section 489.128, which prevents McNully, as an unlicensed contractor, from enforcing his contract with the owner. “Contracts violating public policy designed for public welfare are illegal and will not be enforced by the courts.” See Castro v. Sangles, 637 So.2d 989, 990 (Fla. 3d DCA 1994).[2]
The trial court also erred in striking the claim for treble damages and attorney’s fees recoverable under section 768.0425(2), Florida Statutes (1993). Section 768.0425(2) allows the owner to recover three times its actual compensatory damages, in addition to costs and attorney’s fees, in any action against a contractor “for injuries sustained resulting from the contractor’s negligence.... ” The defendants argue that we should limit the statute’s application to “personal injuries.” The only support for this position is. the fact that section 768.0425 is part of Chapter 768, which is entitled “Negligence,” and sections 768.041 through 768.31 deal with personal injuries and death, not damage to property. However, we cannot rewrite a statute on the basis of such a flimsy argument.[3] The term “injury” is not an ambiguous term and must be given its clear and obvious meaning.[4] See Oruga Corp. v. AT & T Wireless of Fla., Inc., 712 So.2d 1141, 1143 (Fla. 3d DCA 1998) (“when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.”).
We also reverse as to EJH because the trial court struck those counts based on contractual defenses that are unenforceable by McNully and are equally unenforceable by EJH, who was not a party to any contract with the owner.
 As to the claims of gross negligence, the owner has alleged that McNully acted recklessly, but the factual basis is that McNully failed to properly and permanently attach the roofing system in a manner that would meet with specifications. The Florida Supreme Court stated in Rupp v. Bryant, 417 So.2d 658, 670 (Fla.1982), that “gross negligence must be established by facts evincing a reckless disregard of human life or rights which is equivalent to an intentional act or a conscious indifference to the consequences of an act.” The owner has labeled what is basically unsatisfactory work as being reckless. That is insufficient. A plaintiff “cannot successfully state a cause of action *298 for exemplary damages by merely using the descriptive phrase ‘gross and in reckless disregard,’ to label acts of the defendants.” Id. Thus, we affirm the dismissal of the gross negligence counts.
Upon remand, the trial court should allow the owner to proceed with its statutory claims unencumbered by the economic loss rule. See Comptech Int’l, 753 So.2d at 1221.
Reversed in part, affirmed in part, with directions.

. Counsel for McNully explained at the hearing on September 24, 1999, that although the County had initially given McNully a one-year license, the County had reduced the one-year licenses to six months.

. Upon remand in this case, the owner may be prevented from enforcing its breach of contract count against McNully if McNully can show that the owner knew that it was dealing with an unlicensed contractor and nevertheless awarded him the roofing contract. However, the Castro case did not address the owner's right to proceed with its statutory and negligence causes of action, particularly where there has been no showing, as in Castro, that the owner was in pari delicto.

. Section 768.72, Florida Statutes (2000), relating to punitive damages is also contained in Chapter 768, yet its application has never been confined to negligence actions.

. “Injury” is defined as "damage or harm done to or suffered by a person or thing.” The American Heritage Dictionary of the English Language 930 (3d ed.1996).