POLSTON, J.,
dissenting.
The trial court entered final summary judgment in favor of Appellee Edwina Brown after finding the following facts to be uncontroverted:
Defendant [Edwina Brown] hired her brother, Mr. Tutson, to repair her roof to her single family residence, paying him a flat fee for the work. Defendant did not supervise or maintain any control as to how Tutson repaired the roof. Tutson hired the Plaintiff to help him as he had done on many occasions. While removing roofing shingles, the Plaintiff slipped and fell from the roof, injuring himself. The Defendant knew that her brother, Tutson, was an unlicensed contractor. What caused the Plaintiff to slip and fall is unknown; however, it can be inferred that he slipped on some roofing material or granules which he was removing at the time of the fall.
The trial court concluded from these facts that Tutson was an independent contractor and that Plaintiff was his employee. Therefore, the trial court entered final summary judgment in favor of Appellee, against Plaintiffs claims of negligence and for remedies pursuant to section 553.84, Florida Statutes (1999).
*373 Section 489.128, Florida Statutes (1999), states that, as a matter of public policy, contracts performed in full or in part by any contractor who fails to obtain or maintain a license shall be unenforceable. Ap-pellee knew that her brother was unlicensed. Pursuant to section 489.128, she did not have an enforceable contract with her brother; therefore, she should not be permitted to enjoy an independent contractor defense against Plaintiffs claims. See Castro v. Sangles, 637 So.2d 989 (Fla. 3d DCA 1994)(holding that section 489.128 barred homeowners’ action against an unlicensed contractor). It is difficult to understand how someone can be an independent “contractor” without a contract. See Black’s Law Dictionary 693 (5th ed. 1979)(“An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other’s right to control with respect to his physical conduct in the performance of the undertaking.”)(emphasis added).
Accordingly, I would reverse the trial court’s final summary judgment in favor of Appellee and remand for further proceedings. I respectfully dissent.