EVANDER, J.
 

 In December 2004, Earth Trades, Inc., entered into a contract with T & G Corporation, a general contractor, to perform certain site work for a parking garage. Earth Trades performed its work in a defective manner and T & G terminated the contract in April 2005. At all relevant times, Earth Trades was not licensed to perform the work required under its contract. It was disputed whether T & G was aware of Earth Trades’ lack of a license. After a non-jury trial, T & G prevailed on its breach of contract claim against Earth Trades. On appeal, Earth Trades contends that the trial court erred in granting a partial summary judgment, precluding it from raising as an affirmative defense that the contract was unenforceable because of T & G’s alleged knowledge of Earth Trades’ lack of a license. We affirm.
 

 Prior to June 25, 2003, section 489.128, Florida Statutes (2001), provided that contracts performed in full or in part by an unlicensed contractor, shall be “unenforceable in law or in equity.” Some Florida courts interpreted the former statute to preclude a party from enforcing a contract against an unlicensed contractor (or its bonding company), where that party had knowledge of the lack of a license.
 
 See, e.g., Kvaerner Constr., Inc. v. Am. Safety Cas. Ins. Co.,
 
 847 So.2d 534 (Fla. 5th DCA 2003) (general contractor cannot recover from subcontractor’s surety for breach of surety’s obligations on a performance bond following County’s stopping of work on construction project due to subcontractor not being licensed, since some license was required to perform work, general contractor knew that subcontractor had no license, and general contractor allowed subcontractor to work on project without license);
 
 Castro v. Sangles,
 
 637 So.2d 989, 991 (Fla. 3d DCA 1994) (“homeowner” precluded from enforcing agreement against unlicensed contractor where homeowner, having knowledge of contractor’s lack of license, participated in wrongdoing by improperly securing building permit as “owner-builder”).
 

 However, effective June 25, 2003, the statute was amended to provide that a contract with an unlicensed contractor was unenforceable only by the unlicensed contractor.
 

 (1) As a matter of public policy, contracts entered into on or after October 1, 1990, by an unlicensed contractor shall be unenforceable in law or in equity
 
 by the unlicensed contractor.
 

 * ⅜ *
 

 (3)
 
 This section shall not affect the rights of parties other than the unlicensed contractor to enforce contract, lien, or bond remedies. This section shall not affect the obligations of a surety that has provided a bond on behalf of an unlicensed contractor. It shall not be a defense to any claim on a bond or indemnity agreement that the principal or indemnitor is unlicensed for purposes of this section.
 

 § 489.128, Fla. Stat. (2005) (emphasis added).
 

 The trial court’s decision below was consistent with the clear and unambiguous language of section 489.128, as amended in 2003. We find the other issues raised on appeal to be without merit.
 

 AFFIRMED.
 

 COHEN, J„ and TURNER, G.B., Associate Judge, concur.