CANADY, J.
In this case we consider the defense to a breach of contract claim that the parties were in pan delicto — equal wrongdoers. We have for review Earth Trades, Inc. v. T & G Corp., 42 So.3d 929, 930 (Fla. 5th DCA 2010), in which the Fifth . District Court of Appeal held that section 489.128, Florida Statutes (2005), which governs construction contracting, precluded an unlicensed contractor from employing this common law defense. The Fifth District’s decision expressly and directly conflicts with Austin Building Co. v. Rago, Ltd., 63 So.3d 31 (Fla. 3d DCA 2011). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons explained below, we approve the decision in Earth Trades and conclude that a party’s knowledge that a contractor or subcontractor does not hold the state-required license to perform the construction work of the contract is legally insufficient to establish the defense that the parties stand in pari delicto.
I. BACKGROUND
In 2004, T & G Corporation, the general contractor on a parking garage project, subcontracted with Earth Trades, Inc., to perform site work on the project. Earth Trades, 42 So.3d at 930. Earth Trades was at all relevant times not licensed under Florida law to perform the work required by the contract. After a dispute arose between the parties, Earth Trades filed a breach of contract action against the general contractor, alleging nonpayment for work performed. T & G counterclaimed that Earth Trades breached the contract and brought a third-party complaint against First Sealord Surety, Inc. (Sealord), claiming that Sealord was responsible for Earth Trades’ breach as surety on the performance and payment bond.
*582 In the ensuing litigation, T & G argued that because Earth Trades was unlicensed, its breach of contract claim against T & G was barred under the plain language of section 489.128, Florida Statutes (2005). This statute provides in pertinent part that “[a]s a matter of public policy, contracts entered into on or after October 1, 1990, by an unlicensed contractor shall be unenforceable in law or in equity by the unlicensed contractor.” § 489.128(1), Fla. Stat. (2005). Earth Trades and Sealord countered that T & G also was barred from enforcing the construction contract because the parties were in pari delicto. Specifically, they alleged that T & G was equally at fault because it was aware that Earth Trades did not hold the contractor license required under chapter 489, Florida Statutes. The trial court rejected Earth Trades’ defense and granted T & G’s motion for summary judgment.
In ruling against Earth Trades, the trial court cited changes to section 489.128 making any construction contract unenforceable in law or equity by an unlicensed contractor who was a party to it. The court reasoned that the Legislature intended to solve the considerable problem of unlicensed contractors by precluding them from any affirmative relief or defenses to relief until they obeyed the law and obtained licenses. Accordingly, the trial court held that the common law defense of in pari delicto was unavailable under the amended statute. After a bench trial, the court rendered final judgment for T & G and ordered Earth Trades and Sealord to pay damages.
On appeal, petitioners Earth Trades and Sealord argued that the trial court erred in precluding their use of the in pari delicto defense, which was based on T & G’s alleged knowledge of Earth Trades’ unlicensed status. Earth Trades, 42 So.3d at 930. The Fifth District acknowledged that “[s]ome Florida courts interpreted the former statute to preclude a party from enforcing a contract against an unlicensed contractor (or its bonding company), where that party had knowledge of the lack of a license.” Id. However, the court pointed out that the amendments to section 489.128 made construction contracts unenforceable by the unlicensed contractor only. Accordingly, the district court affirmed the trial court’s conclusion that the statute precluded Earth Trades from raising the in pari delicto defense, concluding that the “decision ... was consistent with the clear and unambiguous language of section 489.128, as amended in 2003.” Id.
The Fifth District’s holding that section 489.128 precluded the unlicensed contractor from raising an in pari delicto defense to a breach of contract claim conflicts with the decision in Austin Building. In that case, Rago was the subcontractor on a mixed-use project. 63 So.3d at 32-33. After being terminated for defective work, Rago sued the successive general contractors: Austin Building Co. (ABC) and Austin Commercial L.P. (ACLP). ABC coun-tersued, and Rago and ABC filed opposing motions for summary judgment, “each asserting that the other was an unlicensed contractor under section 489.128.” Id. at 33. The trial court granted both summary judgment motions.
In ABC’s appeal of its suit against Rago, the Third District Court of Appeal applied the same version of section 489.128 in reversing. 63 So.3d at 34. The district court concluded that there were several genuine issues of material fact, including when Rago commenced work and the contractors’ knowledge of the subcontractor’s licensure status. Id. at 33. With regard to the licensing issue, the Third District added the following in a footnote:
We also note that viewing the evidence in the light most favorable to the *583 non-movant, there are genuine issues of material fact as to the extent of ACLP’s and ABC’s knowledge of Rago’s unlicensed status at the time Rago was engaged to perform the work and at the time the Subcontract was executed, thereby precluding entry of summary judgment on the basis of the parties being in pari dilecto [sic]. Castro v. Sangles, 637 So.2d 989, 991 (Fla. 3d DCA 1994); Restatement (Second) of Contracts § 178 (1981); see Black’s Law Dictionary 806 (8th ed. 2004) (under the in pari dilecto [sic] doctrine, a “plaintiff who participated in a wrongdoing may not recover damages resulting from the wrongdoing”).
Id. at 34 n. 2. Thus, unlike the Fifth District, the district court in Austin Building expressly acknowledged that an unlicensed contractor could claim the defense that the parties were in pari delicto in a breach of contract case implicating section 489.128.
II. ANALYSIS
We begin our analysis of the conflict issue presented by first outlining the parameters of the common law defense of in pari delicto. Then, we apply these principles to the case at hand to determine the merit of the argument that T & G was barred from enforcing the construction contract because the parties were in pari delicto.
A. The In Pari Delicto Doctrine
The common law defense -of in pari delicto refers to “[t]he principle that a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing.” Black’s Law Dictionary 806 (8th ed. 2004). This principle is based on the relative circumstances of the parties at the time of the execution or performance of the contract and generally may be raised in an action at law or in equity. O’Halloran v. Pricewaterhouse-Coopers LLP, 969 So.2d 1039, 1044 (Fla. 2d DCA 2007) (“The defense of in pari delicto ‘is both an affirmative defense and an equitable defense’... [that] prohibits plaintiffs from recovering damages resulting from their own wrongdoing.” (quoting Nisselson v. Lernout, 469 F.3d 143, 151 (1st Cir.2006))); see also 22 Fla. Jur.2d Equity § 76 (2005).
The defense of in pari delicto, however, does not require simply that both parties be to some degree wrongdoers. Rather, the parties must participate in the same wrongdoing. O’Halloran, 969 So.2d at 1044 (citing Memorex Corp. v. Int’l Bus. Machs. Corp., 555 F.2d 1379, 1382 (9th Cir.1977)). And they must be “[e]qually at fault.” Black’s Law Dictionary at 806. The Supreme Court explained this principle as follows:
The common-law defense ... derives from the Latin, in pari delicto potior est conditio defendentis: “In a case of equal or mutual fault ... the position of the [defending] party ... is the better one.” The defense is grounded on two premises: first, that courts should not lend their good offices to mediating disputes among wrongdoers; and second, that denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality. In its classic formulation, the in pari delicto defense was narrowly limited to situations where the plaintiff truly bore at least substantially equal responsibility for his injury, because “in cases where both parties are in delicto, concurring in an illegal act, it does not always follow that they stand in pari delicto; for there may be, and often are, very different degrees in their guilt.”
Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 306-07, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985) (footnotes and citation omitted) (alteration in original); *584 see Kirkpatrick v. Parker, 136 Fla. 689, 187 So. 620, 625 (1939) (acknowledging but rejecting on the facts the claim that a party to an illegal seduction may not be “in pari delicto with the defendant but only in delicto”). Accordingly, that both plaintiff and defendant may be wrongdoers does not mean that the parties stand in pari delicto. By definition, if the wrong of the party seeking to enforce the contract is not substantially equivalent to the wrong of the defendant, the defense of in pari delic-to does not defeat the cause of action.
Finally, “[t]he defense of in pari delicto is not woodenly applied in every case where illegality appears somewhere in the transaction; since the principle is founded on public policy, it may give way to a supervening public policy.” Kulla v. E.F. Hutton & Co., Inc., 426 So.2d 1055, 1057 n. 1 (Fla. 3d DCA 1983). “And where to allow [the] in pari delicto defense to prevail would be to defeat some legislatively declared policy, the defense will not prevail.” Id.
B. Unlicensed Contracting and the Law
Petitioners claim the parties are in pari delicto because T & G either knew that Earth Trades was unlicensed when the contract was executed or later became aware or should have become aware of that fact during the performance of the contract. Under the principles outlined above, we must determine whether both parties participated in the same wrongdoing and, if so, whether they share equal fault or one party’s fault is substantially equivalent to the fault of the other party. Resolution of the petitioners’ claim requires that we first examine the applicable law in which the Legislature has stated the policy of this state on the subject of contracting in general and unlicensed contracting in particular.
Chapter 489, Florida Statutes, regulates the “construction industry” in Florida “in the interest of the public health, safety, and welfare.” § 489.101, Fla. Stat. (2005). The statute addressing the enforceability of a construction contract with an unlicensed contractor provides in pertinent part: “As a matter of public policy, contracts entered into on or after October 1, 1990, by an unlicensed contractor shall be unenforceable in law or in equity by the unlicensed contractor.” § 489.128(1), Fla. Stat. (2005). The statute plainly applies to all contracts with unlicensed contractors— whether the other party is a lay person or a licensed contractor — and places the onus for unlicensed contracting on the unlicensed contractor. This statute, however, has not always so provided.
In support of their argument, petitioners rely on cases such as Castro v. Sangles, 637 So.2d 989 (Fla. 3d DCA 1994), and Kvaerner Construction, Inc. v. American Safety Casualty Insurance Co., 847 So.2d 534 (Fla. 5th DCA 2003). In these cases the district courts addressed questions regarding unlicensed contracting and the in pari delicto defense. However, these cases were decided under prior versions of section 489.128 that contrast sharply with the statute applicable in this case. For example, in Castro the district court considered a breach of contract claim and a defense that the parties were in pari delicto. 637 So.2d at 990-991. The 1991 statute applicable in that case provided that a construction contract “performed in full or in part” by an unlicensed contractor was “unenforceable in law,” and the court had discretion to “extend this provision to equitable remedies.” § 489.128, Fla. Stat. (1991). The more recent case of Kvaemer was decided under the 1999 statute, which provided that a contract “performed in full or in part” by an unlicensed contractor “shall be unenforceable in law or in equi *585 ty.” § 489.128, Fla. Stat. (1999). Thus, under these two prior versions of the statute, neither party had the power to enforce a contract with an unlicensed contractor, but under the later version of the statute applicable here, only the unlicensed contractor has no right of contract enforcement. Because of this and other significant differences in the controlling statutes, these prior cases do not address the same issue presented here. Our decision regarding Earth Trades’ in pari delicto defense necessarily rests in an analysis of the version of the statute applicable in this ease.
In 2003, the Legislature substantially amended section 489.128. Subsection (1) was amended in part as follows:
(1)As a matter of public policy, contracts entered into on or after October 1, 1990, and performed in-full- or in part by an unlicensed any contractor who-fails to obtain or maintain a license in accordance' with this-part shall be unenforceable in law or in equity by the unlicensed contractor.
Ch.2003-257, at 1290, Laws of Fla. We have stated that a “bill[’s] title may be helpful in determining legislative intent.” Kasischke v. State, 991 So.2d 803, 809 (Fla.2008) (citing State v. Webb, 398 So.2d 820, 825 (Fla.1981) (“The title is more than an index to what the section is about or has reference to; it is a direct statement by the legislature of its intent.”)). In the title of the 2003 session law amending section 489.128, the Legislature stated that its intent was to “clarify[ ] that the prohibition on enforcement of construction contracts extends only to enforcement by the unlicensed contractor.” Ch.2003-257, at 1290, Laws of Fla. In addition, the Legislature stated that other amendments to subsection (1) “clarif[ied] the specific licensure status required and [the] timing of licen-sure for purposes of determining the enforceability of a construction contract.” Id. Although previously contracts with unlicensed contractors were unenforceable by either party, these amendments empowered the other party to the construction contract — whether a consumer, owner, or licensed contractor — to seek judicial enforcement of the contract, regardless of the unlicensed status of the contractor.
Two other subsections added to section 489.128 in 2003 emphasize the comparative disadvantage of the unlicensed contractor under the statute:
(2) Notwithstanding any other provision of law to the contrary, if a contract is rendered unenforceable under this section, no lien or bond claim shall exist in favor of the unlicensed contractor for any labor, services, or materials provided under the contract or any amendment thereto.
(3) This section shall not affect the rights of parties other than the unlicensed contractor to enforce contract, lien, or bond remedies. This section shall not affect the obligations of a surety that has provided a bond on behalf of an unlicensed contractor. It shall not be a defense to any claim on a bond or indemnity agreement that the principal or indemnitor is unlicensed for purposes of this section.
§ 489.128(2), (3), Fla. Stat. (2003); see ch.2003-257, at 1290, Laws of Fla. (stating in law’s title that purpose of 2003 amendments was, in part, to “clarify[ ] the effect of an unenforceable contract on other contracts and obligations; clarify[ ] that unlicensed contractors have no lien or bond rights; [and] clarify[ ] that sureties of unlicensed contractors have continuing bond obligations”); see also id. at 1291-92 (making nearly identical changes to section 489.532). Moreover, the statute that governs liens generally reinforces the language of section 489.128 as follows:
*586 Notwithstanding any other provision of this part, no lien shall exist in favor of any contractor, subcontractor, or sub-subcontractor who is unlicensed as provided in s. 489.128 or s. 489.582. Notwithstanding any other provision of this part, if a contract is rendered unenforceable by an unlicensed contractor, subcontractor, or sub-subcontractor pursuant to s. 489.128 or s. 489.582, such unenforceability shall not affect the rights of any other persons to enforce contract, hen, or bond remedies and shall not affect the obligations of a surety that has provided a bond on behalf of the unlicensed contractor, subcontractor, or sub-subcontractor. It shall not be a defense to any claim on a bond or indemnity agreement that the principal or indemnitor is unlicensed as provided in s. 489.128 or s. 489.532.
§ 713.02(7), Fla. Stat. (2005). Thus, as a matter of state policy, the Legislature has imposed a substantial penalty on the unlicensed contractor as the wrongdoer with regard to a construction contract. Under the amended section 489.128, the unlicensed contractor has no rights or remedies for the enforcement of the contract.
After examining these same changes to the law, the trial court held the in pari delicto defense was unavailable under the amended statute, and the Fifth District affirmed, holding the trial court’s order “consistent with the clear and unambiguous language of section 489.128, as amended in 2003.” Earth Trades, 42 So.3d at 930. We agree that the applicable statute has clearly placed the onus of unlicensed contracting on the unlicensed contractor and that the in pari delicto doctrine did not preclude T & G from enforcing the contract.
As explained above, the defense of in pari delicto requires that the parties be wrongdoers of relatively equal fault. In the instant case, petitioners contend that the parties are in pari delicto because T & G knew that Earth Trades was unlicensed. They point out that the Department of Business and Professional Regulation (DBPR) may issue a cease and desist notice to and impose fines of up to $5,000 on anyone who knowingly hires an unlicensed contractor. § 455.228(1)-(2), Fla. Stat. (2005). This fact, however, means only that T & G is also a wrongdoer. Petitioners fail to mention that unlicensed contracting is a crime for which a first offense is a first-degree misdemeanor and a second is a third-degree felony. § 489.127(1)-(2), Fla. Stat. (2005). In addition, DBPR may impose a fine of $10,000 on any person found guilty of unlicensed contracting. § 489.13(3), Fla. Stat. (2005). More importantly, as explained above, the Legislature in 2003 amended section 489.128, removing language that made contracts with unlicensed contractors unenforceable by either party and declaring instead that only the unlicensed contractor had no enforceable contract or lien rights with regard to the contract. In this case, T & G’s alleged knowledge of Earth Trades’ licen-sure status, if proven, would make both parties wrongdoers, but they would not share substantially equal fault. Accordingly, they do not stand in pari delicto.
In order to protect the public and to prod contractors into obtaining the required licensing, the Legislature has, as a matter of state policy, greatly disadvantaged the contractor who chooses not to obtain the legally required license. Cf. Chakford v. Sturm, 65 So.2d 864, 865 (Fla.1953) (finding borrower’s voluntary payments on a usurious contract did not provide lender a defense where underlying statute treated lender as “oppressor,” required lender to forfeit principal and interest, and punished lender’s violation as a criminal misdemeanor). Thus, to avoid the *587 draconian effects of the statute, the unlicensed contractor need only comply with the law. In light of the state’s policy, we hold that a party’s knowledge that a contractor is unlicensed is insufficient as a matter of law to establish the defense of in pari delicto.[1]
C. CONCLUSION
The district court in Earth Trades correctly concluded that the defense that parties to a contract are in pari delicto was not available to the unlicensed contractor governed by section 489.128, Florida Statutes. Under the amended version of section 489.128, the fault of the person or entity engaging in unlicensed contracting is not substantially equal to that of the party who merely hires a contractor with knowledge of the contractor’s unlicensed status. Thus, even if proven, the other party’s knowledge is insufficient as a matter of law to place the parties in pari delicto. In light of this holding, we disapprove the Third District’s decision in Austin Building to the extent that court held that under section 489.128, a party’s knowledge that a contractor is unlicensed places the parties in pari delicto.
It is so ordered.
POLSTON, C.J., and PARIENTE with LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.

. We note that Earth Trades was not precluded at the bench trial from otherwise defending against T & G’s claims for damages.