IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LAWRENCE BROCK AND
LAURA BROCK,

      Appellants,

 v.                                    Case No.  5D14-1472

GARNER WINDOW & DOOR
SALES, INC, ETC., ET AL.,

      Appellees.

_____/

Opinion filed March 4, 2016

Appeal from the Circuit Court
for Orange County,
Donald E. Grincewicz, Judge.

Robert P. Major, of Winderweedle, Haines,
Ward & Woodman, P.A., Orlando, for
Appellants.

Nick S. Patrick and Christopher T. Hill, of
Hill, Rugh, Keller & Main, P.L., Orlando, for
Appellee, Garner Window & Door Sales,
Inc., A Florida Corporation.

No appearance for other Appellees.

PER CURIAM.

      After their home sustained water intrusion damage, Appellants, Lawrence and

Laura Brock, sued the company that installed the windows on their home.  The installer,

Garner Window & Door Sales, Inc. ("Appellee"), successfully raised a statute of limitations

defense.  We agree with the trial court that the four-year statute of limitations related to the construction of an improvement to property, rather than the general five-year statute for actions founded on a written contract, controls.  We also agree that Appellee was not precluded from raising this defense by virtue of its purported lack of licensure.  Accordingly, we affirm.

There is no dispute that the instant litigation was commenced more than four years, but less than five years, after Appellants discovered the alleged, latent defect in the window installation.  Accordingly, our determination of which statute applies is one of law.  Section 95.11(3)(c), Florida Statutes, provides a four-year limitations period for all actions "founded on the . . . construction of an improvement to real property." It specifies that the limitations period commences to run on the happening of the latter of four events:

> [T]he date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or **licensed contractor** and his or her employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be commenced within 10 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.

§ 95.11(3)(c), Fla. Stat. (Emphasis added).  Because it is a specific statute, it is well-settled that it controls over section 95.11(2)(b), the general statute for written contracts. *Dubin v. Dow Corning Corp.*, 478 So. 2d 71, 73 (Fla. 2d DCA 1985).

2

Notwithstanding the settled state of the law on this topic, Appellants make a novel argument here. Pointing to the emphasized language in section 95.11(3)(c), they assert that Appellee cannot invoke the benefit of the shorter limitations period set forth in that section because it is not a licensed contractor. We reject this argument for two reasons.[1] First, the reference to "licensed contractor" is contained within the portion of the statute that addresses when the statute commences to run, not the types of actions to which it applies. The applicability of the statute turns on the nature of the contract, not the particular triggering event that starts the computation period. To interpret the statute as urged by Appellants would lead to an illogical result where the applicability of the statute could turn on the nature of the event that triggers its commencement, rather than the subject matter of the contract itself. Using Appellants' proffered interpretation, in circumstances where the triggering event is something other than completion of the project, such as when the project is abandoned, the licensure of the contractor would be immaterial, and the statute would apply nevertheless. We are duty-bound to avoid an absurd, illogical or unreasonable construction of a statute. *Wakulla Cty. v. Davis,* 395 So. 2d 540, 543 (Fla. 1981).

Secondly, even if we were to accept Appellants' construction of the statute, the "licensed contractor" language is not implicated at all. The event that triggered the commencement of the running of the statute here was the discovery of the latent defect— not the completion of the contract. Accordingly, even under the literal reading of the

---

[1] Appellee concedes that it did not have a license. Appellee does not concede that a license was required. Given our disposition on the other issues, we need not address whether licensure was required here.

statute urged by Appellants, the licensure of the contractor is immaterial. Accordingly, we conclude that section 95.11(3)(c) applies here.

Reaching the foregoing conclusion does not end our analysis. Appellants argue in the alternative that Appellee may not assert the limitations defense, pursuant to section 489.128, Florida Statutes, because Appellee was not properly licensed to perform the work. In support of this argument, Appellants rely on *Earth Trades, Inc. v. T&G Corp.,* 108 So. 3d 580 (Fla. 2013). Again, we disagree. Section 489.128 precludes an unlicensed contractor from enforcing a contract. It does not preclude an unlicensed contractor from defending against an action to enforce a contract by the owner. *Earth Trades, Inc.*, addressed the question of whether an unlicensed contractor could enforce a contract, notwithstanding the statute, by asserting that the owner was *in pari delicto* because it was aware of the unlicensed status of the contractor when it entered into the contract. Here, Appellee is not attempting to enforce the contract. Nothing in section 489.128 or *Earth Trades, Inc.,* precludes a defendant in this circumstance from asserting statutory defenses such as the statute of limitations.

We reject Appellants' other arguments without discussion.

AFFIRMED.


ORFINGER and TORPY, JJ., concur.
BERGER, J., dissents with opinion.

4

I disagree with the majority view that section 95.11(3)(c), Florida Statutes, bars recovery in this case. In my view, the clear and unambiguous language of section 95.11(3)(c) precludes an unlicensed contractor from invoking the benefit of the limitations period set forth in that section. Accordingly, I dissent.

Section 95.11(3)(c) provides a four year statute of limitations period for:

> An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or <u>licensed contractor</u> and his or her employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence.

§ 95.11(3)(c), Fla. Stat. (emphasis added). The statute further provides:

> In any event, the action must be commenced within 10 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or <u>licensed contractor</u> and his or her employer, whichever date is latest.

<u>Id.</u> (emphasis added).

When interpreting a statute, courts must begin with the "actual language used in the statute." <u>Mendenhall v. State</u>, 48 So. 3d 740, 747 (Fla. 2010) (quoting <u>Heart of Adoptions, Inc. v. J.A.</u>, 963 So. 2d 189, 198 (Fla. 2007) (citations and internal quotations omitted). "This is because legislative intent is determined primarily from the statute's text." <u>Id.</u> at 748 (citations omitted). As the Florida Supreme Court has explained:

5

> [W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning . . . the statute must be given its plain and obvious meaning. Further, we are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. A related principle is that when a court interprets a statute, it must give full effect to *all* statutory provisions. Courts should avoid readings that would render part of a statute meaningless.

Id. (quoting Velez v. Miami-Dade Cty. Police Dep't, 934 So. 2d 1162, 1164-65 (Fla. 2006)).

The language of section 95.11(3)(c) is clear and unambiguous and twice references "licensed contractor[s]." In my view, the inclusion of the term "licensed" indicates that the Legislature intended for section 95.11(3)(c) to apply only to actions "founded on the design, planning, or construction of an improvement to real property" if that design, planning or construction was performed by a licensed contractor. See Moonlit Waters Apartments, Inc. v. Cauley, 666 So. 2d 898, 900 (Fla. 1996) (Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another." (citing Bergh v. Stephens, 175 So. 2d 787 (Fla. 1st DCA 1965))). Therefore, because the Legislature limited section 95.11(3)(c) to licensed contractors, construction performed by unlicensed contractors would be excluded from the four-year limitations period.

Here, the Brocks purchased windows from Garner and entered into a contract with Garner to install the windows in their home. Garner then hired Dixon to do the actual work. Because Garner was, by another, altering or improving real estate, the trial court correctly concluded Garner qualified as a contractor. See § 489.105(3), Fla. Stat. However, the trial court's reliance on Suntrust Banks of Florida, Inc. v. Don Wood, Inc.,

693 So. 2d 99 (Fla. 5th DCA 1997), to conclude, based on the statute's preamble, that Garner was entitled to the protection provided by the limitations period set forth in section 95.11(3)(c) was wrong.  See Cypress Fairway Condo. v. Bergeron Constr. Co., 164 So. 3d 706, 708 (Fla. 5th DCA 2015) (concluding trial court erred in using preamble to discern legislative intent where section 95.11(3)(c) is clear and unambiguous) (citing Price v. Forrest, 173 U.S. 410 (1899)).  Because a license was required to perform the work, see Dep't of Bus. & Prof'l Reg. v. Moyer, 2011 WL 6394878, Case No. 2009-044455 (DOAH Oct. 12, 2011) (finding that respondent, who contracted with property owner in 2008 to install windows to residence, acted as general contractor without required license), and neither Garner nor Dixon were licensed, the four-year limitations period does not apply to this case.

In my view, section 95.11(3)(c) only applies to actions involving licensed contractors.  To hold otherwise would render the statute's reference to "licensed contractor[s]" meaningless.  Accordingly, I conclude  the lower court erred in granting summary judgment in favor of Garner based on section 95.11(3)(c).[2]

---

[2] Section 95.11(2)(b) controls the outcome of this case.  However, because Garner did not timely file a motion for summary judgment based on this section, the trial court did not consider whether the action was time barred by the five year limitations period provided by it.  I write only to address my disagreement with the Brocks' argument that Earth Trades, Inc. v. T&G Corp., 108 So. 3d 580 (Fla. 2013), precludes Garner from raising section 95.11(2)(b) as a defense to the action.  I agree with the majority that nothing in section 489.128, Florida Statutes, or Earth Trades, Inc., would preclude an unlicensed contractor from asserting a statute of limitations defense.