PER CURIAM.
After their home sustained water intrusion damage, Appellants, Lawrence and Laura Brock, sued the company that installed the windows on their home. The installer, Garner Window & Door Sales, Inc. (“Appellee”), successfully raised a statute of limitations defense. We agree with the trial court that the four-year statute of limitations related to the construction of an improvement to property, rather than the’general five-year statute for actions founded on a written contract, controls. We also agree that Appellee was not precluded from raising this defense by virtue of its purported lack of licensure. Accordingly, we affirm.
*295 There is no dispute that the instant litigation was commenced more than four years, but less than five years, after Appellants discovered the alleged, latent defect in the window installation. Accordingly, our determination of which statute applies is one of law. Section 95.11(3)(c), Florida Statutes, provides a four-year limitations period for all actions “founded bn the ... construction of an improvement to real property.” It specifies that the limitations period commences to run on the happening of the latter of four events:
[T]he date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be commenced within 10 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.
§ 95.11(3)(c), Fla. Stat. (Emphasis added). Because it is a specific statute, it is well-settled that it controls over section 95.11(2)(b), the general statute for written contracts. Dubin v. Dow Corning Corp., 478 So.2d 71, 73 (Fla. 2d DCA 1985).
Notwithstanding the settled state of the law on this topic, Appellants make a novel argument here. Pointing to the emphasized language in section '95.11(3)(c), they assert that Appellee cannot invoke the benefit of the shorter limitations period set forth in that section because it is not a licensed contractor. We reject this argument for two reasons.[1] First, the reference to “licensed contractor” is contained within the portion of the statute that addresses when the statute commences to run, not the types of actions to which it applies. The applicability of the statute turns on the nature of the contract, not the particular triggering event that starts the computation period. To interpret the statute as urged by Appellants would lead to an illogical result where the applicability of the statute could turn on the nature of the event that triggers its commencement, ráthér than the subject matter of the contract itself. Using Appellants’ proffered interpretation, in circumstances' where the triggering event is something other than completion of the project, such as when the project is abandoned, the licensure ‘ of the contractor would be immaterial, and the statute would apply nevertheless. We are duty-bound to avoid an absurd, illogical-or unreasonable construction of a statute. Wakulla Cty. v, Davis, 395 So.2d 540, 543 (Fla.1981).
Secondly, even if we were to accept Appellants’ construction of the statute, the “licensed contractor” language is not implicated at all. The event that triggered the commencement of the running of the statute here was the discovery of the latent defect — not the completion of the contract. Accordingly, even under the literal reading of the statute urged by Appellants, the licensure of the contractor is immaterial. *296 Accordingly, we conclude that section 95.11(3)(c) applies here.
Reaching the foregoing conclusion does not end our analysis. Appellants argue in the alternative that Appellee may not assert the limitations defense, pursuant. to section 489.128, Florida Statutes, because Appellee was not properly licensed to perform the work. In support of this argument, Appellants rely on Earth Trades, Inc. v. T&G Corp., 108 So.3d 580 (Fla.2013). Again, we disagree. Section 489.128 precludes an unlicensed contractor from enforcing a contract. It does not preclude an unlicensed contractor from defending against an action to enforce a contract by the owner. Earth Trades, Inc., addressed the question of whether an unlicensed contractor could enforce a contract, notwithstanding the statute, by asserting that the owner was in pari delicto because it was aware of the unlicensed status of the contractor when it entered into the contract. Here, Appellee is not attempting , to enforce the contract. Nothing in section 489.128 or Earth Trades, Inc., precludes a defendant in this circumstance from asserting statutory defenses such as the statute of limitations.
We reject Appellants’ other arguments without discussion.
AFFIRMED.
ORFINGER and TORPY, JJ., concur.
BERGER, J„ dissents with opinion.

. Appellee concedes that it did not have a license. Appellee does not concede that a license was required. Given our disposition on the other issues, we need not address whether licensure was required here.