[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15705
Non-Argument Calendar

_____

D.C. Docket Nos. 0:15-cv-61016-RNS; 15-bkc-01031-RBR

In re: SONEET R. KAPILA,

Debtor.

SONEET R. KAPILA,

Plaintiff-Appellant,

versus

DAVIS, GRAHAM & STUBBS LLP,
S. LEE TERRY,

Defendants-Appellees.

_____

No. 18-10514
Non-Argument Calendar

_____

D.C. Docket Nos. 0:14-cv-61194-RNS; 0:12-bkc-19084-RBR

In re: SONEET R. KAPILA,

Debtor.

SONEET R. KAPILA,

Plaintiff-Appellant,

versus

GRANT THORNTON LLP,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 22, 2019)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

   In this consolidated appeal, Soneet R. Kapila, the trustee for SMF Energy

Corporation, appeals the partial summary judgment in favor of its former auditor,

Grant Thornton LLP, and the summary judgment in favor of its former counsel, S.

Lee Terry and Davis, Graham & Stubbs LLP, in Kapila's adversary proceedings

2

that alleged the professional advisors' conduct exacerbated the financial demise of SMF. The district court ruled that Kapila's complaints against Grant Thornton and Davis Graham were barred by the doctrine of *in pari delicto*. We affirm.

## I. BACKGROUND

SMF was a publicly-traded company that provided mobile fueling for businesses that had fleets of vehicles and equipment, including the United States Postal Service. In 2004, SMF began to overbill its customers. SMF padded invoices with an "incremental volumetric allowance" that charged certain customers for more fuel than they had received. SMF revealed to its customers the existence of, but not the extent of, the incremental allowance.

Davis Graham and Grant Thornton provided professional services to SMF. After SMF implemented the incremental allowance, it retained Terry of Davis Graham to answer questions raised about the billing practice by the auditor for SMF, KMPG Peat Marwick. In 2005, SMF replaced KPMG with Grant Thornton. In 2011, a new director at SMF stopped the overbilling practice, and by 2012, SMF was overwhelmed with debt. Kapila was appointed as trustee for SMF before it petitioned for bankruptcy under Chapter 11 of the Bankruptcy Code.

In an adversary proceeding, Kapila filed a six-count complaint against Grant Thornton. Kapila alleged that Grant Thornton "knew or had reason to know that certain information contained in [SMF] records w[as] materially misstated or

3

otherwise failed to provide [its] true financial condition" because it was apparent that "SMF engaged in highly questionable and improper business practices." Kapila alleged that SMF "officers implement[ed] and perpetuat[ed] improper billing practices that surreptitiously increased charges to [SMF] customers"; SMF used "the Incremental Allowance" as a "'revenue enhancing device'" and "applied [it] to certain customers selected under the direction of some of the SMF's officers"; SMF knew the incremental allowance "violated the acceptable and agreed upon terms of [SMF] contracts" and took "efforts and steps . . . to keep the I.A. under the radar"; the "[c]hanges . . . [to] the amount of the I.A. charged . . . were made at the whim of the Officers"; and "SMF's main goal was to preserve the I.A. and prevent its discovery by SMF's customers." Kapila sought to recover monetary damages from Grant Thornton for negligence and accounting malpractice, for negligent misrepresentation, and for aiding a breach of fiduciary duties and Kapila also sought to recover transfers from SMF to Grant Thornton between 2008 and 2012, to avoid transfers to Grant Thornton within the 90 days preceding the petition for bankruptcy, and to have Grant Thornton turn over SMF documents.

After Kapila and Grant Thornton filed cross-motions for partial summary judgment, the district court concluded that there were no genuine issues of material fact pertaining to the *in pari delicto* defense. The district court entered partial

summary judgment in favor of Grant Thornton and against Kapila's claims for negligent accounting procedures, for misrepresenting the financial condition of SMF, and for facilitating improper billing practices. The district court determined that SMF was responsible for the overbilling by its officers because undisputed evidence established the wrongdoing achieved its intended goal of boosting company revenue; that SMF and Grant Thornton committed the same wrongdoing; and that Grant Thornton was not required to admit any misdeeds to assert the *in pari delicto* defense. Kapila filed a motion for reconsideration, which the district court granted in part to explain that Kapila was subject to the *in pari delicto* defense. Later, the district court granted Kapila's motion to certify the order of partial summary judgment and entered a final partial judgment against Kapila. *See* Fed. R. Civ. P. 54(b).

In a separate adversary proceeding, Kapila filed a complaint of legal malpractice against Davis Graham. Kapila alleged that, based on the "negligent legal advice" provided by Davis Graham, SMF billed customers "[w]ith the understanding that the [incremental allowance] was legal." Kapila sought compensatory damages as relief.

Kapila and Davis Graham also filed cross-motions for summary judgment based on the *in pari delicto* defense. The bankruptcy court recommended a judgment in favor of Davis Graham based on its "find[ing] that no genuine issues

of material fact exist" after "[t]aking into account the District Court's prior finding

of fraud" by SMF under "[t]he doctrine of issue preclusion" and, "if [that] analysis

[was] . . . insufficient, . . . finding for [Davis Graham] based on [Kapila's] judicial

admissions . . . in the Grant Thornton complaint." The district court entered

summary judgment in favor of Davis Graham and against Kapila on the grounds

that he was collaterally estopped from relitigating the culpability of SMF and that

its "guilt . . . far outweigh[ed] that of" Davis Graham.

Kapila appealed both judgments, and we granted the motion of Grant

Thornton and Davis Graham to consolidate the appeals after briefing.

## II. STANDARD OF REVIEW

This appeal is governed by a single standard of review. We review a

summary judgment *de novo*. *In re Optical Techs., Inc.*, 246 F.3d 1332, 1335 (11th

Cir. 2001); *Matter of Munford, Inc.*, 97 F.3d 456, 458 (11th Cir. 1996). Likewise,

the issue "of whether collateral estoppel is available . . . is a legal question . . . [that

we] consider *de novo*." *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir.

1989).

## III. DISCUSSION

The district court correctly ruled that the wrongdoing of the officers of SMF

should be imputed to their corporate employer. Under Florida law, which the

parties agree governs the application of the *in pari delicto* defense, wrongdoing by

6

a corporate officer is imputed to the company so long as the officer acts within the scope of his employment. *See O'Halloran v. Pricewaterhousecoopers LLP*, 969 So. 2d 1039, 1045 (Fla. Dist. Ct. App. 2007). While the presence of an innocent decision maker can provide a basis to argue that an officer acted adversely to the interest of the corporation, when the officer's wrongdoing is calculated to benefit the corporation, it "is in no position to invoke the adverse interest exception" to prevent the imputation of wrongdoing to it. *Id.* at 1045–46. In other words, an officer who acts to further the interests of the corporation necessarily is acting within the scope of his employment. *See id.* at 1045. Because Kapila admits that the SMF officers who overbilled customers acted with the intent to increase company profits, the district court correctly imputed those officers' wrongdoing to SMF.

The district court did not err in determining that Grant Thornton and SMF acted *in pari delicto* by engaging in the same wrongdoing that Kapila alleged Grant Thornton committed. "The equitable defense of *in pari delicto*, which literally means 'in equal fault,' is rooted in the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct." *Pinter v. Dahl*, 486 U.S. 622, 632 (1988); *see Earth Trades, Inc. v. T & G Corp.*, 108 So. 3d 580, 583 (Fla. 2013). To apply the defense, "both parties [must act] *in delicto*, concurring in an illegal act," and *in pari*, having "equal or mutual fault." *Earth Trades*, 108 So. 3d

7

at 583 (quoting *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306–07 (1985)). Kapila alleged that the overbilling by SMF continued because Grant Thornton was "willfully blind to the pervasive and improper billing practices," failed to undertake "any meaningful steps to stop the practice" or "to uncover the ongoing series of improper business practices and irregularities being engaged in," "negligently misrepresented that . . . annual financial statements . . . fairly represented the true financial condition of [SMF]," and "rendered substantial assistance in regard to the breaches of fiduciary duties of [SMF] officers . . . ." As the district court explained, "[b]oth parties . . . were, according to [Kapila's] own allegations, certainly 'engaged in the same wrongdoing,': that is, the improper overbilling scheme and financial misrepresentations."

The district court also correctly applied the doctrine of collateral estoppel to bar Kapila from relitigating the culpability of SMF in the Davis Graham proceeding. Under Florida law, "when [a] party asserts collateral estoppel [based on an earlier federal judgment], the state courts should apply federal issue preclusion principles." *Aronowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1065 (Fla. Dist. Ct. App. 2015). Under federal law, collateral estoppel bars a party from relitigating an issue of fact that has been determined in an earlier action so long as "the party against whom the earlier decision is asserted . . . had a full and fair opportunity to litigate the issue in the earlier proceeding" and the issue at stake

8

is "identical to the one involved in the prior litigation," was "actually litigated in the prior suit," and "the determination . . . [was] a critical and necessary part of the judgment in that action." *McWhorter*, 887 F.2d at 1566. The Grant Thornton proceeding satisfied all the factors required to collaterally estop Kapila from arguing that SMF was inculpable in the Davis Graham proceeding. In the Grant Thornton proceeding, after Kapila admitted that SMF officers intentionally overbilled customers, the district court ruled that the officers' wrongdoing should be imputed to SMF. And the Davis Graham proceeding turned on the same issue of corporate culpability. Because the district court correctly determined that the doctrine of collateral estoppel barred Kapila from relitigating the issue of corporate culpability, we need not address the alternative finding that the allegations in Kapila's complaint against Grant Thornton constituted judicial admissions.

Kapila argues that the doctrine of *in pari delicto* does not bar his complaint against Davis Graham because a material factual dispute exists whether the law firm was more culpable than SMF, but we disagree. Kapila alleged that Davis Graham provided "negligent legal advice" regarding the legality of the incremental allowance, and he is bound by the determination in the Grant Thornton proceeding that SMF acted intentionally. So the parties share responsibility for the wrongdoing. *See Turner v. Anderson*, 704 So. 2d 748, 749–51 (Fla. Dist. Ct. App. 1988) (affirming summary judgment in favor of attorney and his law firm on the

9

ground that the doctrine of *in pari delicto* barred client, who admittedly testified falsely, from suing attorneys for advising him to commit perjury); *see also Banco Nacional De La Vivienda v. Cooper*, 680 F.2d 727, 730 (11th Cir. 1982) ("[W]hen the choice is between the two—fraud and negligence—negligence is less objectionable than fraud.") (quoting *Besett v. Basnett*, 389 So. 2d 995, 998 (Fla. 1980)).

## IV. CONCLUSION

We **AFFIRM** the partial summary judgment in favor of Grant Thornton and the summary judgment in favor of Davis Graham.